IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELOISE LOCKHART )
                                                ) FILED: June 23, 2014
               Plaintiff, ) 13CV 9323
                                                ) JUDGE DURKIN
v. ) MAG. JUDGE GILBERT
                                                )
HSBC FINANCE CORPORATION, et al.,

               Defendants

FILED JUN 26 2014 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## MOTION REGARDING SUPREME COURT PRECEDENT

Plaintiff, Eloise Lockhart Esq.pro-se, hereby files this motion TO BRING TO THE Court's attention Supreme Court precedent bearing on replies filed by defendants in the above captioned case. In support of this motion plaintiff states:

1. On June 16, 2014, plaintiff e-mailed Mr. Matt Stromquist, of Pilgrim and Christakis, defendants, to bring to his attention certain Supreme Court precedent and to determine how this precedent should be brought to the attention of the Court.

2. Unfortunately, Mr. Stromquist was in the process of withdrawing from representation in the case and referred the matter to another attorney in the firm.

3. On the same day of the plaintiffs' email Mr. Stromquist withdrew, and plaintiff has not heard anything from any other attorneys in the firm.

4. After plaintiff submitted her Response to defendants Motions To Dismiss, Plaintiff discovered Bridge v. Phoenix Bond & Indemnity Co. and Sedima SPRL v. Imrex, 105 S. Ct. 3275.

5. Bridge holds that a plaintiff asserting a RICO claim, predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations.

6. Plaintiff relied on some of defendants misrepresentations for some of the time that foreclosure actions pended against her and did not rely on other material misrepresentations at all.

7. For example, Plaintiff was aware, prior to filing her initial Answer to the initial foreclosure complaint in July 2005, that defendants were not, as claimed, record lien holders as required by the foreclosure statute and thus had no standing to file a foreclosure action.735, ILCS 5/15-1101.

8. However, the foreclosure courts, including the current foreclosure judge, has relied on defendants alleged material misrepresentations as to the defendants standing as record lien holders. Because of the courts' continued reliance on this fraud, the case has not yet been dismissed resulting, in damages to Plaintiff.

9. Defendants arguments that plaintiff must rely on the misrepresentations disregards the holding in Bridge.

10. Further, with respect to private rights of actions based on wire fraud and mail fraud, Supreme Court precedent suggests that there is an implied private right of action to bring mail and wire fraud after RICO. In Sedima the Court held that there was a private right of action for a RICO claim predicated on mail and wire fraud even if the defendants had not been criminally convicted of mail and wire fraud. See Sedima SPRL v. Imrex Co. 105 S.Ct. 3275.

11. Accordingly, plaintiff requests that the Court take into consideration the Supreme Court precedents announced in the cases referenced herein.

## CERTIFICATE OF SERVICE

Eloise Lockhart, an attorney, certifies that on June 23, 2014, she electronically mailed the foregoing Plaintiffs' Motion to Approve Alternative Service to the following:

Anna-Katrina S. Christakis, Pilgrim Christakis LLP
George B. Collins, Collins Bargionne & Vuckovich

\s\ Eloise Lockhart
Eloise Lockhart
June 23, 2014