1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
2                        EASTERN DIVISION

3    ELOISE LOCKHART,                  )   Docket No. 13 C 9323
                                       )
4                    Plaintiff,        )   Chicago, Illinois
                                       )   March 13, 2014
5              v.                      )   9:43 a.m.
                                       )
6    HSBC FINANCE CORPORATION,         )
     *et al.*,                         )
7                                      )
                     Defendants.       )
8

9            TRANSCRIPT OF PROCEEDINGS - Motion Hearing
           BEFORE THE HONORABLE THOMAS M. DURKIN
10

11   APPEARANCES:

12

     Pro Se Plaintiff:     MS. ELOISE LOCKHART (via telephone)
13                         1721 Hillcrest Drive
                           Irving, TX 75062
14

15
     For the HSBC,         PILGRIM CHRISTAKIS LLP by
16   MERS and Pilgrim      MS. RAECHELLE D. NORMAN
     Christakis           53 W. Jackson Boulevard
17   Defendants:          Suite 1515
                          Chicago, IL 60604
18

19
     Court Reporter:       LAURA R. RENKE, CSR, RDR, CRR
20                         Official Court Reporter
                           219 S. Dearborn Street, Room 1432
21                         Chicago, IL 60604
                           312.435.6053
22                         laura_renke@ilnd.uscourts.gov

23

24

25

1          (In open court.)

2                  THE CLERK:  Is anybody here on Lockhart v. HSBC?

3                  MS. NORMAN:  Yes.

4                  THE CLERK:  Okay.  I need to call Ms. Lockhart.

5          (Clerk places telephone call.)

6                  MS. LOCKHART:  Hello.

7                  THE CLERK:  Hi.  Is this Ms. Lockhart?

8                  MS. LOCKHART:  Hello.

9                  THE CLERK:  Hello.  Is this Ms. Lockhart?

10                 MS. LOCKHART:  Yes, it is.

11                 THE CLERK:  This is Sandy with Judge Durkin calling on

12   13 C 9323, Lockhart v. HSBC.

13                 MS. LOCKHART:  Yes.

14                 THE COURT:  All right.  This is Judge Durkin.  Why

15   doesn't everyone state their name for the record starting first

16   with the person on the phone.

17                 MS. LOCKHART:  My name is Eloise Lockhart.

18                 THE COURT:  All right.  And you're the plaintiff.

19                 Who is here for the defendants?

20                 MS. NORMAN:  Good morning, your Honor.  Raechelle

21   Norman on behalf of all of the HSBC defendants, Merscorp --

22                 MS. LOCKHART:  I'm sorry, but I can't hear that well.

23                 THE COURT:  All right.  We're going to get the mike a

24   little closer.

25                 Go ahead, please.

1      THE CLERK:  Pull that down.

2      MS. NORMAN:  Ms. Lockhart, are you able to hear me

3  now?

4      MS. LOCKHART:  Yes.

5      MS. NORMAN:  Perfect.  I was just stating my name is

6  Raechelle Norman on behalf of the defendants: all of the HSBC

7  entities; Merscorp, Inc.; MERS; Jeffrey Pilgrim; and Pilgrim

8  Christakis, LLP.

9      THE COURT:  All right.  And does that cover all named

10  defendants?

11      MS. NORMAN:  No, your Honor.  We are not representing

12  Freedman Anselmo, Steven Lindberg, Arnold Kaplan.  And then

13  obviously the Jane and John Does are not specifically

14  identified.

15      THE COURT:  All right.  This is here simply on

16  defendants' motion for extension of time to answer or otherwise

17  plead.

18      MS. LOCKHART:  I'm sorry, Judge.  It might be

19  something wrong with my phone, but I can't hear you either.

20      THE COURT:  No, I'll -- is this better?

21      MS. LOCKHART:  Yes.

22      THE COURT:  Okay.  It's my fault.  I wasn't close

23  enough to the mike.

24      This is here on defendants' -- two defendants' motion

25  to get an extension for time to answer or otherwise plead.  I

1     normally would have just granted this without appearance, but

2     you had an objection to it, Ms. Lockhart, and so I wanted to

3     hear what your objection was.

4             MS. LOCKHART:  First, your Honor, the motion is filed

5     on behalf of entities that I didn't sue.  The March 7th motion

6     they claim that they are filing on behalf of MERS Holding or

7     something like that.

8             THE COURT:  Yes.

9             MS. LOCKHART:  And that's not -- that's not -- they're

10    not a named defendant.

11            THE COURT:  What do you say to that?  I thought you

12    were.

13            MS. NORMAN:  Yes, your Honor.  There are some issues

14    with how the entities were named.  So as it's listed, it's

15    Merscorp, Inc., but we did file an appearance I believe

16    specifically on behalf of Merscorp Holdings, Inc., I think is

17    how it's appropriately named, as well as, you know, MERS is

18    just listed by itself, but then we filed the appearance on

19    behalf of Mortgage Electronic Registration Systems, Inc., which

20    is the correct entity name.

21            Same goes for, you know, Jeffrey Pilgrim and Brady

22    Pilgrim Christakis Bell.  I think that she had misnamed the law

23    firm, and we've actually undergone a name change since then.

24            THE COURT:  All right.

25            MS. NORMAN:  So I think the proper parties are Jeffrey

1    Pilgrim and Pilgrim Christakis, LLP.

2         THE COURT:  All right.  Ms. Lockhart, that's actually

3    to your advantage.  Sometimes people when they file complaints

4    don't have available to them the proper legal name of the

5    entity they're suing.

6         And the fact that they have filed appearances on

7    behalf of the proper legal name probably saves you an extra

8    step because ultimately if they didn't come in on behalf of the

9    proper defendants, I'd dismiss your complaint as it related to

10   improperly named defendants and you'd simply have to refile

11   naming the proper defendants.  So this has saved you a step.

12   So it's really to your advantage.

13        So but go ahead.

14        MS. LOCKHART:  Well --

15        THE COURT:  Give me any other objections you have to

16   this motion for extension.

17        MS. LOCKHART:  And -- well, I'd like to get back to

18   that.  But --

19        THE COURT:  Go ahead.  No, you can go ahead and finish

20   your thought on that one.

21        MS. LOCKHART:  Your Honor, the -- this MERS Holding or

22   whatever they say they are, they weren't formed until 2012 as

23   far as I can see when I -- when I looked them up.  And my -- my

24   complaints are against MERS, who started suing me in 2005.

25        So I'm not -- I'm -- you know, I -- if what you say is

1    true, then, you know, it's true.  But if it's not true, then

2    they're appearing on behalf of somebody who hasn't been sued

3    and won't be required to answer.

4            THE COURT:  Well, okay.  Here's how we can deal with

5    that.  I can't, as I sit here today, decide the accuracy of

6    either you're suing an entity that they aren't appearing on

7    behalf of or they're saying they're appearing on behalf of the

8    same entity you're suing.  That can be sorted out inevitably

9    later in motions that I expect may be filed by the defense

10   relating --

11           MS. LOCKHART:  Okay.

12           THE COURT:  -- to whether they have legal

13   responsibility in this case.

14           MS. LOCKHART:  Okay.

15           THE COURT:  There's no prejudice to your position by

16   having them appear.  And if you think that it's a different

17   entity that exists that hasn't answered your complaint, you can

18   take action at that point.  But you aren't prejudiced by them

19   appearing on behalf of who they want to appear on behalf of.

20           So but go ahead.  Are there other issues you have

21   relating to the objection to the extension?

22           MS. LOCKHART:  Just the fact that the last motion

23   claims that the law firm Grady Pilgrim Christakis executed

24   waivers.  They didn't execute a waiver at all.  And so the date

25   that Ms. Norman gives you in this motion for their response is

1   off because they failed to execute the waiver.

2          And, your Honor, they were all sent waivers.  So

3   they've had plenty of time to formulate a responsive pleading,

4   I feel, so that's why I objected to it.  They were all sent

5   waivers.  No one executed the waiver except Jeffrey Pilgrim.

6   And he didn't execute the waiver until the process server was

7   there to serve him with papers.

8          And he didn't take the papers.  He said that he needed

9   another day, and then he executed a waiver.

10         So that was the basis of my objection.

11         THE COURT:  Okay.  Any response?

12         MS. NORMAN:  Yes, your Honor.  I believe that we did

13  actually execute waivers.

14         Related to Jeffrey Pilgrim not accepting service, I

15  believe the rule provides that you have 30 days to execute the

16  waiver.  Ms. Lockhart did send a special process server prior

17  to expiration of the 30 days.  And I think that Jeff Pilgrim

18  was unavailable to accept service at that time, in any event.

19         Regardless, with respect to whatever the dates were,

20  we are just asking for a short extension of time, which I

21  believe is reasonable given that the first amended complaint

22  spans 50 pages without exhibits, more than 250 paragraphs and

23  15 separate counts.  So we're just requesting a short extension

24  of time.  We're putting together a responsive pleading.

25         I did request to March 19th for those defendants to

1   respond, which I believe is the date that HSBC defendants have

2   to file.  I don't know if your Honor wants to just move all of

3   the defendants to the March 25th deadline that I guess Arnold

4   Kaplan has.

5           And I guess just as another housekeeping matter, it

6   came to my attention yesterday that in the flurry of filings

7   that happened on Friday that perhaps Pilgrim Christakis's

8   motion wasn't actually noticed today.  It was filed, but only

9   perhaps maybe Merscorp defendant's motion got noticed.

10          THE COURT:  Okay.

11          MS. NORMAN:  So I'd request that you consider that as

12  well since we're all kind of here and on the record.

13          THE COURT:  All right.

14          Well, Ms. Lockhart, the fact is that in my court and I

15  think in every other federal courtroom, defendants are

16  routinely granted extensions of time to file answers.  If

17  there's a 50-page, 250-paragraph complaint alleging a variety

18  of different violations, the reality is you have plenty of time

19  to prepare the complaint, and they have a very limited time to

20  answer.  So it's often the practice in courts, including my

21  own, that extensions like this are routinely granted.

22          I wanted to do this -- I would have done this just

23  electronically without appearance, but you're a pro se

24  plaintiff, and I wanted you to have the benefit of hearing my

25  reasoning.  So that is why I will grant the motion.

1        And it's better for me, candidly, to have answers in

2    all at the same time.  It makes my job easier, and ultimately

3    it will make your job easier so that when, depending on their

4    answer, whether they answer or file motions to dismiss, you are

5    on the same track where you're responding in a single filing to

6    the various motions.

7        So I'm going to grant the motion to respond for all

8    defendants in this case who have been served to March 25th.

9    That gives them enough time to file an answer.  And whether

10   they answer or whether they file a motion to dismiss is

11   something I don't know.  And that's -- we'll discuss that -- we

12   have a status date of April 9th.  We're going to keep that

13   date.  And we have a joint status report due April 3rd.

14       Any questions -- Ms. Lockhart, obviously, you can

15   appear for that status on April 9th by phone as you have today.

16       And the joint status report, do you have any questions

17   about your obligations under that?

18       MS. LOCKHART:  No, your Honor.  I believe I understand

19   it.

20       THE COURT:  Okay.  Very good.

21       MS. NORMAN:  Your Honor --

22       THE COURT:  Yeah.

23       MS. NORMAN:  -- one question.  To the extent that we

24   file a motion to dismiss, and we likely will be filing motions

25   to dismiss, would you like us to present it for the April 9th

1    date?

2            THE COURT:  Yeah, file it on March 25th --

3            MS. NORMAN:  Yes.

4            THE COURT:  -- the date you have an answer required,

5    but notice it -- if it's a motion to dismiss, notice it up for

6    April 9th so when we have Ms. Lockhart on the phone and all the

7    parties are involved, we can set a briefing schedule that's --

8            MS. LOCKHART:  Your Honor, I'll be there on April 9th.

9            THE COURT:  Oh, you are?  Okay.  Very good.  But if

10   the weather is such that you can't, you will not be prejudiced

11   by not coming in.  You can appear by phone just as easily as

12   you can live.  I encourage parties to call in on status

13   conferences that may last no more than five minutes.

14           But it's entirely your right to come in yourself if

15   you want.  And I'm not going to -- but I won't penalize you if

16   you don't because you can participate just as easily over the

17   phone.  But it's your call, not mine.  Okay?

18           MS. LOCKHART:  Okay, Judge.

19           It was nice talking to you.

20           THE COURT:  Good talking to you.

21           MS. LOCKHART:  We went to the same -- we went to the

22   same law school, and I think we were in the same graduating

23   class.

24           THE COURT:  Is that right?  All right.

25           MS. LOCKHART:  Yes.

1          THE COURT:  Well, when I see you eventually on this

2    case, maybe I'll recognize you.

3          MS. LOCKHART:  I doubt it.

4          THE COURT:  Well, me too.  I've changed a lot since

5    law school, not for the better either.

6          Okay.  Well, April 9th we'll have our status.  Either

7    you'll be here or we'll call up as we did today.

8          MS. LOCKHART:  Okay.  Thank you, your Honor.

9          MS. NORMAN:  Thank you, Judge.

10          THE COURT:  Thanks, Ms. Lockhart.

11          Thank you, ma'am.

12          MS. LOCKHART:  Bye.

13          THE COURT:  Bye.

14       (Concluded at 9:54 a.m.)

15                    C E R T I F I C A T E

16       I certify that the foregoing is a correct transcript of the

17    record of proceedings in the above-entitled matter.

18

19    */s/ LAURA R. RENKE*                       *August 25, 2014*
      LAURA R. RENKE, CSR, RDR, CRR
20    Official Court Reporter

21

22

23

24

25