IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELOISE LOCKHART,<br>Plaintiff,<br><br>v.<br><br>HSBC FINANCE CORPORATION, et. al.,<br>Defendants. | 13 CV 9323<br><br>Honorable Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT ARNOLD G. KAPLAN'S RESPONSE TO
PLAINTIFF'S 59(e) OR 60(b) MOTION FOR RELIEF**

NOW COMES, the Defendant, Arnold G. Kaplan, by his attorneys, George Collins, Adrian Vuckovich and Kathryne Hayes, and for Defendant Arnold G. Kaplan's Response to Plaintiff's 59(e) or 60(b) Motion for Relief, states as follows:

**INTRODUCTION**

Plaintiff's "Introduction" asks this Court to reconsider its ruling on Counts 7, 8, and 14[1]. Plaintiff also asks that the Court reconsider the stay. The amended complaint was 15 counts:

*Count 1.*     *Racketeer Influenced and Corrupt organizations Act 18 U.S.C. § 1962(a));*
*Count 2.*     *Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d));*
*Count 3.*     *Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962(c));*
*Count 4.*     *Wire Fraud;*
*Count 5.*     *Fraud and Deceit;*
*Count 6.*     *False Oaths;*
*Count 7.*     *RESPA Violations;*
*Count 8.*     *Fair Debt Collections Practices Act;*
*Count 9.*     *The Civil Rights Act, Racial Discrimination, 42 U.S.C. §§ 1981, 1982 et seq.* (against Defendants HSBC)*;*

---

[1] Although the "Introduction" states that the Plaintiff is seeking reconsideration of counts

1

*Count 10.*    *Fair Housing Act 42 U.S.C. §§ 3601 et seq.* (against Defendants HSBC);
*Count 11.*    *Violation of the Home Ownership and Equality Protection Act;*
*Count 12.*    *Violation of the Illinois Interest Act 815 ILCS 205/4(2)(a) et seq.* (against Defendants HSBC);
*Count 13.*    *Violation of the Illinois Interest Act 815 ILCS 205/5;*
*Count 14.*    *Truth in Lending Act (TILA) (15 U.S.C. § 1635(f) and for damages pursuant to 15 U.S.C. § 1640) Against Defendants HSBC and MERS* (against Defendants HSBC and MERS);
*Count 15.*    *Punitive Damages.*

Counts 7, 8 and 11 were directed against Defendant Kaplan. Counts 10 and 14 were not directed against Mr. Kaplan. Mr. Kaplan filed a Motion to Dismiss with supporting memorandum. All counts against Mr. Kaplan were dismissed.

Plaintiff seeks reconsideration of the dismissal of Counts 7, 8, 10, 11, 14, as well as the stay. The stay is not directed against Defendant Kaplan as it related to counts that Kaplan has been dismissed from (Counts 11 and 13) or was not a party to (Count 12).

Plaintiff states at page 1 that her Motion[2] is brought "pursuant to 59(e) or 60(b) from this Courts [sic] August 1, 2014 Order dismissing with prejudice counts VII, VIII, and XIV of plaintiff's Amended Complaint filed on December 30, 2013, and from the decision to abstain in favor of a concurrent state court proceeding pursuant to the Colorado River Doctrine." Plaintiff's use of the term "or" is confusing. A motion to reconsider is brought pursuant to Rule 60(b). Pursuant to Rule 59(e), it must be brought within 28 days of the entry of the order.

Following the Court's August 1, 2014 decision, Mr. Kaplan did not have any pending claims against him. It is unclear from Plaintiff's Motion whether she is asking this Court to reconsider its ruling against Defendant Arnold Kaplan. Mr. Kaplan is neither mentioned nor referred to in the Motion. Plaintiff vaguely refers to "Defendants."

---

[2] "Plaintiff's 59(e) or 60(b) Motion for Relief" is not designated by numbered paragraphs.

2

Mr. Kaplan was Plaintiff's attorney during a portion of the still pending foreclosure case in state court. It remains unclear how Mr. Kaplan is alleged to be involved in this matter.

The Motion to Reconsider should be denied.

**ARGUMENT**

Plaintiff states at page 1 that "Plaintiff wishes to point out several significant mistakes in law and fact and to ask that this Court consider newly discovered material evidence." It appears that Lockhart is proceeding based upon Rule 60(b)(1) and (2), but Plaintiff's Motion to Reconsider fails to distinguish the precedent relied upon by the Court in its Memorandum Opinion and Order entered August 1, 2014. Plaintiff also fails to provide any "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial..." Fed. R. Civ. Pro. 60(b)(2).

1. **THE "DECLARATION" SHOULD NOT BE CONSIDERED BY THE COURT, OR IN THE ALTERNATIVE, PLAINTIFF FAILS TO PROVIDE THE COURT WITH ANY NEWLY DISCOVERED MATERIAL EVIDENCE.**

Separate from the Motion to Reconsider (Motion to Reconsider filed on August 28, 2014), Plaintiff filed "Declaration of Eloise Lockhart in Support of Plaintiff's 59(e) or 60(b) Motion for Relief from Parts of the Court's August 1, 2014 Memorandum Order and in Support Plaintiff's Complaint and in Support of Newly Discovered Material Evidence" on August 29, 2014. (Hereafter, "Declaration.") Plaintiff swears to the Court that she is providing "newly discovered material evidence."

It appears from the Northern District of Illinois online PACER docket report that the Declaration was filed on August 29, 2014. The pending Motion does not refer to this "Declaration." Further, it appears from the online docket report that the Declaration was filed after this Court entered an Order allowing the Defendants an opportunity to respond.

3

The Declaration should not be considered. It is not a part of the Motion to Reconsider and is not procedurally proper.

If the Court does consider the Declaration, it is also unclear what the purpose of the "Declaration" is. It begins by describing approximately 8 of the 54 exhibits attached to it. Further, Plaintiff's Declaration identifies the exhibits as "A", "B", "C", etc. The documents attached to the Declaration are not labeled as such. The only consecutive labeling comes from the Court (computer generated) and is at the top of the page.

After describing approximately 8 exhibits, Plaintiff launches into an argument. The remaining approximately 46 exhibits are not identified or described. Without any reference in the Motion to Reconsider or the Declaration, the exhibits should be disregarded.

Then at the end of the Declaration's "argument", Plaintiff reasserts her RICO allegations without specific references to Mr. Kaplan. Plaintiff does not refer to Mr. Kaplan in her Motion to Reconsider and only specifically refers to Mr. Kaplan in paragraph 7 of her Declaration. Paragraph 7 of the Declaration states: "Attached as Exhibit E are true and correct copies of Motions and supporting Memorandums <u>which I filed</u> while acting pro-se or which were filed on my behalf by my attorneys of record in the foreclosure cases, including Daniel Moulton, <u>Arnold Kaplan</u>, and Joel Blumenfeld." (Emphasis added.)

First, it is clear that this is not newly discovered material evidence. Second, this is the first and only time Plaintiff specifically references Mr. Kaplan. It appears Plaintiff is not referring to Mr. Kaplan as a defendant in this litigation, but only as her counsel in the state foreclosure case without alleging any wrongdoing. The Plaintiff does not argue that

4

the Court should reconsider its ruling dismissing all pending counts directed against Mr. Kaplan.

Plaintiff attaches fifty-four (54) exhibits to her Declaration, yet the Motion to Reconsider does not cite to a single exhibit. At most, Plaintiff purports to cite to an assignment (Motion to Reconsider, p. 8) by stating: "The purported assignment was attached to Plaintiff's AC as Exhibit 5. It is attached to this motion for the convenience of the court as an Exhibit." Plaintiff fails to state what numbered exhibit it is. Plaintiff also states on the very next page (Motion to Reconsider, p. 9): "That notice is attached."

None of the 54 exhibits to the Declaration appear to be "newly discovered evidence." Instead, it appears Plaintiff has attached not only documents that were readily available prior to the Court's August 1, 2014 decision, but they may even be documents that Plaintiff has used previously.

For example, the following "Exhibits" to the "Declaration" have inconsistent exhibit stickers or are handwritten to indicate they were exhibits to a previous filing: Exhibit 3 (marked "Exhibit 15"); Exhibit 4 (marked "Exhibit 38"); Exhibit 5 (marked "Exhibit I"); Exhibit 6 (marked "Exhibit 14"); Exhibit 7 (marked "Exhibit 4" and also marked "Exhibit D"); Exhibit 8 (marked "Exhibit 52"); Exhibit 9 (marked "Exhibit 48") (also stated "FORECLOSURE DOCUMENTS TO BE DELIVERED TO: Eloise Lockhart"); Exhibit 11 (illegibly hand marked); Exhibit 13 (marked "Exhibit 18"); Exhibit 14 (marked "Exhibit 18 p. 3"); Exhibit 17 (marked "Exhibit 21"); Exhibit 19 (illegibly marked with an "exhibit" sticker); Exhibit 22 (marked "Exhibit 10"); Exhibit 7; Exhibit 22; Exhibit 24 (marked "Exhibit 6A"); Exhibit 25 (marked "Exhibit 17");

5

Exhibit 26 (marked "Exhibit 40"); Exhibit 27 (marked "Exhibit 39"). This list is not exhaustive, but demonstrates that Plaintiff appears to have had prior knowledge.

It also appears some documents have been bates stamped. See Exhibit 3; Exhibit 5; Exhibit 6. Again, this list is not exhaustive, but serves to represent that Plaintiff appears to have had possession of many documents she now swears are "newly discovered." Additionally, Exhibit 23 purports to be an online article published on September 23, 2011. Finally, many remaining documents were addressed to Plaintiff. (See, for example (non-exhaustive list) Exhibits 6; 10; 11; 12; 13; 14. This cannot be newly discovered material evidence. If somehow these exhibits were not received prior to the decision in this case, Plaintiff does not inform the Court when and how she received them and how they could not have been discovered prior to the Court's ruling.

At best, Plaintiff references documents that she alleges to have received in "July 2014." (Declaration, para. 10.) This is not "newly discovered" evidence and more importantly does not effect the Court's August 1, 2014 Order. Plaintiff argues (Declaration, para. 14) that the documents show that the Defendants were aware that she had placed the property for sale with a realtor in 2004 and that the asking price was $174,900. This does not effect the August 1, 2014 Order.

2. **PLAINTIFF FAILS TO POINT TO ANY ERROR OF LAW AS TO THE DECISION TO DISMISS ALL COUNTS AGAINST ARNOLD KAPLAN.**

   a.   *Count 7 – RESPA Violations*
As the Court found (Memorandum Opinion and Order entered August 1, 2014, p. 20), Plaintiff conceded in her response brief that she did receive notice in August 2003 "that an assignment had been made and that the loan would be serviced by a new servicers, HFC." (Internal citation omitted.) Plaintiff's Motion to Reconsider completely

6

ignores the fact that the Court found that she did not name as a defendant "the only entity that could thus be liable for the alleged failure to provide notice." *Id*.

The Court's August 1, 2014 Order further found that even if Plaintiff was granted leave to re-plead, she would be time barred because the statute of limitations had long passed. See 12 U.S.C. § 2614. The Court stated at page 20: "If any party failed to provide Lockhart sufficient notice, that would have occurred in August 2003 when the party was required to provide notice as required by § 2605(b)(2)(A)."

In the Motion to Reconsider, Plaintiff argues that the Court should apply "equitable tolling." (Motion to Reconsider, p. 9.) Plaintiff then provides case law that generally states that to equitably toll the statute of limitations, plaintiff must show both that defendant fraudulently concealed its wrongdoing from plaintiff and that plaintiff exercised due diligence to discover any claims that she might have. (Motion to Reconsider, p. 9; see also (as cited by Plaintiff) *Mullinax v. Radian Guar., Inc.*, 311 F. Supp. 2d 474, 477 (M.D.N.C. 2004).) However, Plaintiff has failed to plead that Mr. Kaplan committed such fraud.

    b. **Count 8 – Fair Debt Collections Practices Act**

Count 8 was also dismissed by the Court based on the statute of limitations. As stated by the Court, (p. 21): "15 U.S.C. § 1692k(d) requires any action seeking to enforce any liability must be brought 'within one year from the date on which the violation occurs.'" The Court then cited many cases (p. 22) relying on the circuit courts' rulings that the clock starts when the allegedly wrongful litigation begins. As a result, the Court dismissed all Defendants based on the statute of limitations. The Court further noted in a footnote on page 22: "Even if the statute of limitations did not bar Lockhart's FDCPA claim, Lockhart's allegations make clear that HSBC, HFC III, MERS,

7

MERSCORP, and Kaplan are not debt collectors, so they could not be liable under the FDCPA. (Internal citation omitted).

In her Motion to Reconsider (pp. 13-14), Plaintiff does not begin to address how the Court made an error of law. Plaintiff does not distinguish the authority relied upon by the Court in any way. The Court, citing *Hill v. Wells Fargo Banks, N.A.*, 946 F. Supp. 2d 817 (N.D. Ill. 2013) stated that any argument of an ongoing, continuous pattern and course of conduct is unavailing. (pp. 22-24). Plaintiff does not assert an error of law.

 c. **<u>Count 10 Violations of the Fair Housing Act</u>**

Again, this was dismissed based upon the statute of limitations. Plaintiff fails to bring to the Court's attention any error of law. Further, Count 10 was not directed at Mr. Kaplan.

 d. **<u>Count 11 HOEPA & Count 14 TILA</u>**

Count 11 was a claim for "Violation of the Home Ownership and Equality Protection Act." As noted by the Court, Count 11 appeared to be a claim seeking only rescission of the mortgage loan. (Memorandum Opinion and Order, p. 28.) Count 14 was based on the Truth in Lending Act and is a claim for damages under TILA. *Id*.

As stated by the Court (p. 29), HOEPA and TILA only apply to creditors and the assignees of that credit. (Internal citation omitted).

 3. **<u>COLORADO RIVER DOCTRINE.</u>**

Plaintiff states as page 1 (in what is apparently a heading) "Mistakes in Law" followed by "Colorado River Abstention." Plaintiff misstates the holding of *Colorado River Water Conservation District v. U.S,* 424 U.S. 800 (1976).

In any event, the stay does not effect Mr. Kaplan's dismissal in this case because the stay was not applied to him because the Court dismissed the Mr. Kaplan from the counts that were ultimately stayed, or, Plaintiff did not name Mr. Kaplan as a defendant.

It should be noted that Plaintiff cites to the unpublished opinion of the U.S. District Court for the District of Hawaii, *Schmidt v. Fidelity*, 1:07-cv-00356-HG-LK. Plaintiff does not direct the reader to a specific order, but instead only provides the case number. It appears Plaintiff is referring to an order filed November 26, 2008.

WHEREFORE, Defendant Attorney Arnold G. Kaplan respectfully requests that this Court enter an Order denying Plaintiff's 59(e) or 60(b) Motion for Relief.


George Collins
Adrian Vuckovich           By: /s/ George Collins
Kathryne Hayes                  Attorney for Arnold G. Kaplan
COLLINS BARGIONE & VUCKOVICH
One North LaSalle Street, Suite 300
Chicago, Illinois 60602
(312) 372-7813

9