IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELOISE LOCKHART, | ) |
| Plaintiff, | ) Case No. 13 cv 09323 |
| v. | ) |
| | ) Judge Thomas M. Durkin |
| HSBC FINANCE CORPORATION, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' AMENDED RESPONSE TO
"PLAINTIFF'S 59(E) OR 60(B) MOTION FOR RELIEF"**

Defendants HSBC Finance Corporation ("HSBC Finance"), HSBC Mortgage Services, Inc., ("HSBC Mortgage"), Household Finance Corporation III ("HFC III") (collectively, "HSBC Defendants"), MERSCORP Holdings, Inc., incorrectly sued as MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "MERS Defendants"), Pilgrim Christakis LLP, f/k/a Grady Pilgrim Christakis Bell LLP, incorrectly sued as Brady Pilgrim, ("Pilgrim Christakis") and Jeffrey Pilgrim ("Mr. Pilgrim") (collectively, "Pilgrim Christakis Defendants") (all collectively, "Defendants"), by counsel, respectfully submit this joint response to "Plaintiff's 59(e) or 60(b) Motion for Relief."

**INTRODUCTION**

On August 1, 2014, this Court properly dismissed all but three[1] of Plaintiff Eloise Lockhart's ("Plaintiff") claims asserted in her First Amended Complaint ("Complaint") and then stayed the case pending the resolution of the underlying state court foreclosure

---

[1] The Court dismissed twelve of fifteen claims thereby allowing only three claims to remain pending (and stayed): the Home Ownership Equity Protection Act claim in Count X, as to the HSBC Defendants and the MERS Defendants; and two Illinois Interest Act claims in Counts XII and XIII, as to the HSBC Defendants.

action. (*See* Mem. Op. and Order, Dkt. # 71, hereinafter "Ruling.") Plaintiff now brings this Motion in an attempt to rehash the same tenuous arguments that she presented in opposition to Defendants' motions to dismiss purportedly "point[ing] out several significant mistakes in law and fact" and offering "newly discovered material evidence," (Mot. at 1), relating to the dismissal of her claims for violation of the Real Estate Settlement Procedure Act ("RESPA") in Count VII, the Fair Debt Collection Practices Act ("FDCPA") in Count VIII, the Fair Housing Act ("FHA") in Count X, the Home Ownership Equity Protection Act ("HOEPA") in Count XI, and the Truth in Lending Act ("TILA") in Count XIV.

However, Plaintiff's Motion should be denied because she cannot demonstrate any error in the Court's Ruling or identify any material changes in facts occurring since the Ruling. Rather, Plaintiff merely rehashes the same unsubstantiated arguments presented previously, relies on "new evidence" that pre-dates the Ruling and in no way undermines it, and asserts new baseless theories all premised on previously-available information.

**ARGUMENT**

**I.     PLAINTIFF'S MOTION IS PREMISED ON INAPPLICABLE RULES AND FAILS AS A MATTER OF LAW.**

Plaintiff challenges the Ruling by relying on Rules "59(e) or 60(b)" of the Federal Rules of Civil Procedure. (Mot. at 1.) However, neither Rule 59(e) nor Rule 60(b) provides support for Plaintiff's Motion. Rule 59(e) concerns motions to alter or amend judgments, and Rule 60(b) governs procedures seeking relief from final judgments, orders or proceedings. *See* Fed.R.Civ.P. 59(e), 60(b). Here, the Ruling is neither a judgment nor a final order because it does not adjudicate all of the claims asserted against all of the named defendants in the Complaint. *See* Fed.R.Civ.P. 54(b). Rather, the Court dismissed all but three claims—two claims against the HSBC Defendants alone and one against the HSBC

2

Defendants and the MERS Defendants. For this threshold reason, Plaintiff's Motion, improperly based on Rules "59(e) or 60(b)," should be denied.

## II.  THE COURT PROPERLY DISMISSED PLAINTIFF'S CLAIMS AND STAYED THE CASE.

To the extent the Court construes Plaintiff's Motion as a motion for reconsideration under Rule 54(b), the Motion should be denied. A motion for reconsideration should be used in limited situations when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in law or facts has occurred since the submission of the issue. *See, e.g., Caine v. Burge*, 897 F. Supp. 2d 714, 716-17 (N.D. Ill. 2012); *Maclin v. Northern Telecom, Inc.*, 1999 WL 787620, at *1 (N.D. Ill. Sept. 24, 1999). A motion for reconsideration cannot be employed as a vehicle to introduce new evidence that could have been presented before the challenged ruling, nor should it serve as an occasion to rehash the same arguments advanced in the original briefing or to offer new legal theories for the first time. *See Quacker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988); *Miller v. City of Plymouth*, 2010 WL 2194842, at *1 (N.D. Ind. May 27, 2010). "Reconsideration . . . is committed to the sound discretion of this Court" with the understanding that "[m]otions to reconsider should be granted only in rare circumstances." *See Caine*, 897 F. Supp. 2d at 716-17.

Here, Plaintiff argues that her Motion should be granted because, in her view, the Court made "several significant mistakes in law" and because supposedly there is "newly discovered material evidence." (Mot. at 1.) Thus, it follows that the only relevant considerations are (1) whether the Court misapprehended the applicable law, and (2) whether there has been a significant change in facts since the Ruling. (Mot. at 1.) Even a

3

cursory review of Plaintiff's Motion (and 54 exhibits she submitted in its support) show that Plaintiff's arguments are completely without merit.

### A. Plaintiff Has No Claim for Violation of the RESPA.

In its Ruling, the Court found that Plaintiff "acknowledges that she received notice of the assignment [of the loan] from HFC III," but that she purportedly did not receive a notice from the transferor of the loan (Fieldstone Mortgage). (Ruling at 20.) As a result, the Court correctly concluded that Plaintiff could only have a claim against Fieldstone Mortgage, not any of the Defendants, and that such claim is "time-barred" in any event because the alleged conduct occurred in August 2003—i.e., ten years before Plaintiff filed her Complaint and seven years after the expiration of the statute of limitations. (*Id.*) In support of her Motion, Plaintiff again concedes that she received a notice about the loan transfer from HFC III in August 2003, but that the statute of limitations is subject to equitable tolling because she "was prevented from knowing that HFC III was allegedly assigned the debt in 2011 because of the Defendant's [sic] fraudulent claims that they already owned the debt since at least 2005/2006." (Mot. at 8-9.) Plaintiff's argument does not warrant reconsideration and is clearly without merit.

To begin with, Plaintiff's argument is the same argument that she asserted in opposition to Defendants' motions to dismiss. Thus, if anything, Plaintiff simply confirms that the Court correctly understood the basis of her allegations—i.e., that she received a notice of transfer of the loan from HFC III in August 2003, but not from Fieldstone Management. (Ruling at 20.) As a result, the Court properly concluded that Fieldstone Mortgage is the only entity that she could potentially sue, but that any such claim is time-barred. *See Miller*, 2010 WL 2194842, at *1 (citing *Wagner v. Nutrasweet Co.*, 873 F. Supp.

4

87, 101-02 (N.D. Ill. 1994)) (Motions for reconsiderations "are not at the disposal of parties who want to 'rehash' old arguments.").

Next, for the first time ever, Plaintiff asserts that she "was prevented from knowing that HFC III was allegedly assigned the debt in 2011 because of the Defendant's [sic] fraudulent claims that they already owned the debt since at least 2005/2006." (Mot. at 8-9.) This argument should be rejected out of hand, not only because it is premised on purported "evidence" that was available to Plaintiff before the Ruling, but also because it is based on a new legal theory never asserted before. *See Quacker Alloy*, 123 F.R.D. at 288 ("[N]ew legal theories based on previously-available information cannot be offered on a motion for reconsideration.") But even if the Court were to address this theory on the merits, Plaintiff's argument would fail. In order to prove fraudulent concealment, Plaintiff had to show affirmative acts or representations by Defendants that were designed to prevent and, in fact, did prevent, her from discovering her claim. *See Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 77 (7th Cir. 2002); *Gredell v. Wyeth Laboratories, Inc.*, 346 Ill. App. 3d 51, 60 (1st Dist. 2004). Plaintiff has not only failed to identify any affirmative acts or representations made to prevent her from discovering her alleged claim, but also made no effort to demonstrate who, when, where made such representations. Rather, Plaintiff admits that she received a notice that the loan was transferred to HFC III thereby fatally undermining her belated assertion that the transfer was somehow "fraudulently concealed." (Mot. at 9.) Hence, Plaintiff's Motion should be denied.

   **B.**  **Plaintiff Has No Claim for Violation of the FDCPA.**

Likewise, Plaintiff has not pointed to any clear error of law or newly discovered evidence that merits reconsideration of the Court's dismissal of her FDCPA claim. Rather,

5

Plaintiff recites the same hollow arguments asserted in opposition to Defendants' motions to dismiss based on her allegation of HSBC Mortgage's continuous violation of the FDCPA. (Mot. at 13.) Here again, the Court clearly understood, but expressly rejected, Plaintiff's argument. (Ruling at 23.) And because Plaintiff cannot show any error in the Court's Ruling, her Motion should be denied.

### C. Plaintiff Has No Claim for Violation of the FHA.

The Court correctly applied the FHA's two-year statute and dismissed Plaintiff's claim based on the allegation that "Defendants . . . impose[ed] different terms and conditions on [Plaintiff's] loan as a result of her race." (Ruling at 28.) In her Motion, Plaintiff claims—for the first time ever—that her claim is not time-barred because she can "commence [her] civil action . . . not later than 2 years <u>after</u> the occurrence or the <u>termination</u> of an alleged <u>discriminatory housing practice</u>. [sic] whichever occurs last." (Mot. at 6, emphasis in original.) Plaintiff further argues that because the alleged "discriminatory foreclosure action is ongoing and has not yet terminated [sic] in the loss of Plaintiff's home," her claim is timely. (Mot. at 7.) Plaintiff's arguments, however, offer no support for her Motion.

As a threshold matter, in her opposition to Defendants' motions to dismiss, Plaintiff never addressed Defendants' arguments that her claim is time-barred. (*See* Resp. at 13-15.) For that reason alone, Plaintiff's argument, offered for the first time in her Motion, should be rejected. *See Quacker Alloy*, 123 F.R.D. at 288 ("[N]ew legal theories based on previously-available information cannot be offered on a motion for reconsideration.").

But even if the Court were to consider Plaintiff's argument, it fails. Plaintiff's FHA claim is premised on allegations that she was discriminated against in the process of the

6

loan origination and loan servicing (i.e., "insurance redlining") occurring in October 2004. (Mot. at 6; Am. Compl. ¶¶ 56-61; Resp. at 13-15.) But even assuming those allegations, the alleged discriminatory conduct would have ceased *at the latest* with the acceleration of the loan prior to the filing of the foreclosure action in September 2007. Therefore, even considering Plaintiff's belated and improper argument, her claim is still time-barred because it was not filed until December 2013—six years after the foreclosure action and four years after the expiration of the statute of limitations. Thus, the Court correctly dismissed her claim.

        **D.**       **Plaintiff Has No Claims for Violation of the HOEPA and TILA.**

Plaintiff's Motion should also be denied because Plaintiff cannot demonstrate any clear error of law or newly discovered evidence that would justify reconsideration of the Court's dismissal of Plaintiff's HOEPA and TILA claims. In the HOEPA claim, Plaintiff sought rescission of the loan based on Defendants' alleged failure to provide certain notices. (Am. Compl. ¶¶ 225-30.) The Court allowed the claim to stand but only as to the HSBC Defendants and the MERS Defendants. (Ruling at 31-32.) In the TILA claim, Plaintiff sought damages based on Defendants' alleged failure to rescind the loan after allegedly receiving her rescission notice in May 2006. (Am. Compl. ¶¶ 234-53.) The Court held that "the statute of limitations would have to start to run at least in May 2006," and because Plaintiff did not file her TILA damages claim by May 2007, the claim is time-barred. (Ruling at 31.)

In her opposition to Defendants' motions to dismiss, Plaintiff did not address any of Defendants' arguments identifying defects of her HOPEA and TILA claims, including the application of the statute of limitations. (Resp.; Ruling at 30.) Rather, for the first time in her Motion, Plaintiff claims that it was an "error to dismiss [her] TILA claim under 15 U.S.C.

7

§ 1641 because it was filed within the applicable statute of limitations." (Resp. at 11.) Further, Plaintiff argues that her claim for TILA damages is timely because although it "is governed by one year statute, . . . she may bring the claim in the foreclosure action, in recoupment as a defense against the foreclosure." (Resp. at 11.) Finally, Plaintiff raises a new "equitable estoppel" argument that is nowhere to be found in her opposition to Defendants' motions to dismiss. (Resp. at 12.) None of these arguments support reconsideration of the Court's Ruling.

First, again Plaintiff is barred from raising new arguments and theories for the first time in her Motion. *See Quacker Alloy*, 123 F.R.D. at 288. Next, Plaintiff's Complaint does not allege a Section 1641 claim, as Plaintiff suggests in her Motion, (Mot. at 9-10), but to the extent her argument relates to the rescission claim, that claim was properly dismissed as to the Pilgrim Christakis Defendants because they are not "creditors." (Ruling at 29.) Plaintiff offers no arguments demonstrating any error in the Court's Ruling. Further, Plaintiff's argument that she may bring a TILA damages claim in the foreclosure action in recoupment is nonsensical because this is not a foreclosure case and Plaintiff did not assert her claim "in recoupment." Finally, Plaintiff's equitable estoppel argument fails for the same reasons as her "fraudulent concealment" argument discussed in Section A above. *See Asher v. Chase Bank USA, N.A.*, 310 Fed. App'x 912, (7th Cir. Feb. 20, 2009) ("Equitable estoppel, a subset of which is fraudulent concealment, applies when the plaintiff shows that the defendant mislead him or took active steps to prevent him from filing suit before the statutory period expired."). As a result, Plaintiff's Motion should be denied.

### E. THE COURT PROPERLY STAYED THE CASE.

Finally, after dismissing all but three of Plaintiff's claims because she has also asserted them in the underlying state foreclosure action, the Court correctly stayed the case. (Ruling at 33-34.) In doing so, the Court reasoned that:

> the underlying state court action involves essentially the same parties who the Court has not yet dismissed Count XI against (i.e., HSBC and HFC III), the same property in Illinois, the same mortgage the same conduct regarding the mortgage agreement, the same interest in the litigation, and the same remedies sought.

(Ruling 33-34.) Likewise, the Court considered numerous non-exclusive factors in determining that abstention is proper. (Ruling at 34-35.) Now, Plaintiff argues that the Court mistakenly applied the *Colorado River* doctrine because: (1) the doctrine supposedly applies only "in rem actions over the disposition of property in both the state and federal courts"; (2) the state and federal cases supposedly are "not parallel" because Plaintiff's "claims (remaining on August 1, 2014) after [this] [C]ourt ruled are for damages based on violations of RICO[,] . . . damages totaling at least $10,000,000 for violation of the Illinois Interest Act [and] . . . damages [based on HFC III's] failure to rescind the loan"; and (3) "Household Finance Corp. filed the pending foreclosure case and proceeding with the foreclosure" in bad faith. (Mot. at 3-4.) These arguments are without merit.

First, the *Colorado River* doctrine applies in situations where the state and federal actions are parallel and where the circumstances favor abstention—not only in cases that involve "*parallel in rem*" actions, as Plaintiff suggests. Obviously, courts apply the doctrine in cases that do not involve *in rem* actions. *See, e.g., Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698 (7th Cir. 1992); *Interstate Material Corp. City of Chicago*, 847 F.2d 1285 (7th Cir. 1988); *Freed v. Weiss*, 974 F. Supp. 2d 1135 (N.D. Ill. 2013). Next,

9

the claims in the underlying state action are clearly parallel to those that remain in this case—i.e., the rescission claim and two Illinois Interest Act claims. (Ruling at 33.) Plaintiff is under a mistaken impression that her RICO claims and claim for TILA damages were not dismissed in this case. (Ruling at 12-19, 28-32.) Finally, notwithstanding the fact that the state court litigation has been pending for some time and is highly contested, Plaintiff baldly argues that is being prosecuted in "bad faith" without offering any "new evidence" in support of that argument.

Because Plaintiff fails to demonstrate that the Court improperly applied the *Colorado River* doctrine, her Motion should be denied.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny "Plaintiff's 59(e) or 60(d) Motion for Relief" and provide Defendants further relief as the Court deems just and appropriate.

    Respectfully submitted,

    HSBC FINANCE CORPORATION,
    HSBC MORTGAGE SERVICES, INC., HOUSEHOLD FINANCE CORPORATION III, MERSCORP HOLDINGS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., PILGRIM CHRISTAKIS LLP, and JEFFREY PILGRIM

    By: /s/Sulejman F. Dizdarevic
        One of their attorneys

Anna-Katrina S. Christakis
Sulejman F. Dizdarevic
PILGRIM CHRISTAKIS LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 361-3457
Fax (312) 939-0983

## **CERTIFICATE OF SERVICE**

  Sulejman F. Dizdarevic, an attorney, certifies that on September 19, 2014, he electronically filed Defendants' Amended Response to "Plaintiff's 50(e) or 60(d) Motion for Relief" with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                /s/ Sulejman F. Dizdarevic