IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELOISE LOCKHART )
)
          Plaintiff, ) 13CV 9323
) JUDGE DURKIN
v. ) MAG. JUDGE GILBERT
)
HSBC FINANCE CORPORATION, et al.,

          Defendants

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on Thursday, October 2, 2014 at 9:00 A.M. or as soon thereafter as counsel may be heard, I will appear before the Honorable Thomas Durkin in Courtroom 1441 of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and present Plaintiff's Motion for Leave to File a Reply to Defendants Response to Plaintiffs' Motion for Relief from parts of the Courts August 1, 2014 Order.

      Plaintiff avers that Defendants Responses continue a pattern of mischaracterizing the factual allegations in Plaintiff's Complaint and introduces new arguments with respect to the Colorado River Doctrine to which Plaintiff, as the aggrieved party, should be given an opportunity to respond. See *Williams v. Anthony* No. 12 c 4275, 2012 U.S. Dist. LEXUS 180881 (N.D. Ill. Dec.21,2010) (finding that an opportunity should be provided to reply when new arguments are raised by the opposing party which were not included in their original motion.)

      Without an opportunity to reply to the matters raised in Defendants Response, Plaintiff would be adversely affected as she is the aggrieved party.  To ensure that an

aggrieved party is not affected in a way which is not permitted, a Court must either invoke the waiver doctrine or allow the filing of a reply. See *Autotech Technologies Ltd Partnership v. Automation 235 E.R.D. 435,437 (N.D. Illinois 2006).*

This Court has confirmed an intention to follow controlling precedent in general and has implied with respect to this case specifically that it would rule guided in part by the precedents of other Judges in this District (when Plaintiff objected to the initial motion for extension of time to respond to the Complaint filed by the Defendants). LR 83.53.3(a) required that the Defendants disclose adverse legal authority in the controlling jurisdiction. Defendants failed in their opening briefs to present dispositive or arguably dispositive precedent in their opening briefs which the attorneys knew to be directly adverse to the position of their clients and which was unknown to Plaintiff with regard to the Colorado River Doctrine , Plaintiffs' post acquisition Fair Housing Act Claim, and Plaintiffs' claim pursuant to the FDCPA , and the assertion that RICO does not apply to "Garden variety fraud claims".

In Schact v. Brown 711 F2d 1343 the Illinois appellate Court upheld the RICO counts against a primary attack such as the one Defendants make here, that congress did not intend to apply RICO to "garden variety" business fraud. The approach to RICO in Schact was based heavily on the Supreme Court's opinion in United States v. Turkette 452 US 576, 101 S Ct. 2524. *Schact along with American National Bank of Chicago v. Haroco* 747 F 2d 384, 399-402 (7th Cir. 1984),*is controlling adverse legal authority which was not cited and distinguished by Defendants.*. See*Thul v. Indymac Mortgage Services FSB 12 C 06380.* (Citing Manheim Video v. City of Cook 884 F.2d 1043, 1047 (7th Cir. 1989).

Similarly Defendants do not cite and distinguish controlling precedent with respect to their claims that Plaintiff's claims should be dismissed as untimely. The dismissals of Plaintiffs' federal claims , with prejudice, appears to be unprecedented considering Plaintiffs' undisputed factual allegations which controlling precedent provides must be taken as true.

Defendants were required to make the Court aware of the adverse authority in their opening briefs, even if they believed that the cases were distinguishable. The defense attorneys could not, consistent with their ethical duty of candor before the court, simply pretend that the authority did not exist.

Plaintiff avers that if she is not allowed the opportunity to replead her federal claims which were stricken with prejudice, she is deprived of her property interests in those claims resulting in a deprivation of constitutional due process.

Justice would not be served without Plaintiff having an opportunity to Reply. Therefore, Plaintiff respectfully requests leave to file a short six page Reply, attached to this motion as Exhibit A

Dated: September 29, 2014

Respectfully submitted
/s/ Eloise Lockhart
Plaintiff prose

### CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I caused the Notice of Motion For Leave to File a Reply to be served via the ECF System which should then provide notice to all of the Defendants

By /s/ Eloise Lockhart
Plaintiff pro-se