# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ELOISE LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 9323 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| HSBC FINANCE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Eloise Lockhart filed a wide-ranging fifteen-count amended complaint against numerous Defendants. R. 6. The Defendants in the case are as follows: HSBC Finance Corporation and HSBC Mortgage Services, Inc. (collectively referred to as "HSBC"), Household Finance Corporation III ("HFC III"), MERSCORP Holdings Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Pilgrim Christakis LLP, f/k/a Grady Pilgrim Christakis Bell LLP ("Pilgrim Christakis"), Jeffrey Pilgrim, Brady Pilgrim, Arnold G. Kaplan, Freedman Anselmo Lindberg LLC ("FAL"), Steven C. Lindberg, and "Jane & John Does 1-10," as agents/employees of Pilgrim Christakis and Kaplan. Certain Defendants filed a motion to dismiss Lockhart's amended complaint, which the Court granted in part. R. 71; *Lockhart v. HSBC Fin. Corp*, No. 13 C 9323, 2014 WL 3811002 (N.D. Ill. Aug. 1, 2014). Twelve of the fifteen counts were dismissed—four without prejudice and eight with prejudice. In response, Lockhart has filed a motion for reconsideration that borders on frivolous. R. 75. That motion is denied.

## BACKGROUND

The Court previously provided a detailed background of the facts of this case, s*ee Lockhart*, 2014 WL 2014 WL 3811002, at *1-4, and thus presumes familiarity with the background for purposes of this ruling. In short, the allegations arise out of conduct relating to a mortgage loan Lockhart took out many years ago and the efforts made to foreclose on Lockhart's home in state court proceedings. Lockhart's amended complaint included fifteen counts: three claims were brought pursuant to the Racketeering Influenced and Corrupt Organization Act ("RICO"), 11 U.S.C. § 1962 (Counts I, II, and III); one was for wire fraud in violation of 18 U.S.C. § 1343 (Count IV); one was for fraud and deceit in violation of 18 U.S.C. § 1503 (Count V); one is for "false oaths" in violation of 18 U.S.C. § 1623(a) (Count VI); one was for a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count VII); one was for a violation of the Fair Debt Collections Practices Act ("FDCPA") (Count VIII), 15 U.S.C. §§ 1692e, 1692j; two claims were for racial discrimination, one under the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982 (Count IX) and the other under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, 3604, and 3605 (Count X); one was for a violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602(aa) (Count XI); two claims were for a violation of the Illinois Interest Act, 815 ILCS 205/4(2)(a), 205/5 (Counts XII and XIII); one was for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(f) (Count XIV); and one generalized claim was for punitive damages (Count XV).

In ruling on the motion to dismiss, the Court dismissed Counts I, II, III, and XI without prejudice. Counts IV, V, VI, VII, VIII, IX, X, and XIV were dismissed with prejudice. Count XI was dismissed with prejudice as to all Defendants except HSBC, HFC III, MERS, and MERSCORP. Counts XII and XIII were also dismissed with prejudice as to all Defendants except HSBC and HFC III. And due to the application of the *Colorado River* doctrine to Counts XI, XII, and XIII, the Court stayed the case. *See Rogers v. Desiderio,* 58 F.3d 299, 302 (7th Cir. 1995) ("It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion.").

## LEGAL STANDARD

Lockhart filed her motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Rules 59(e) and 60(b) are of no help to Lockhart. Rule 59(e) concerns motions to alter or amend judgments. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) governs procedures for seeking relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding[.]"). Neither of those situations is present here. In ruling on the motion to dismiss, the Court did not enter any judgment in this case.

To the extent Lockhart's motion can be construed under the legal proper standards, a party is only entitled to relief in a motion to reconsider if she can

3

establish "a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, ___ F.3d ___, No. 13-3505, 2014 WL 3907114, at *3 (7th Cir. Aug. 12, 2014) (quoting *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011)). "'A manifest error' is not demonstrated by the disappointment of the losing party"; instead, it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion to reconsider may also be appropriate if there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

**ANALYSIS**

**I.     *Colorado River* Doctrine**

It is not clear as to what exactly Lockhart is challenging or the basis for her challenge under the applicable standards for granting a motion for reconsideration.[1]

---

[1] For example, Lockhart argues that her RICO claims are timely. R. 83-1 at 3. However, the Court did not dismiss those claims for being untimely. The Court dismissed them because Lockhart did not allege a viable RICO claim against any of the Defendants. *See Lockhart*, 2014 WL 3811002, at *6-8. Additionally, the counts were dismissed without prejudice, so Lockhart can file a second amended complaint if she so chooses and can correct what may be fatal flaws in bringing such a claim on these facts. Moreover, Lockhart sets forth a confusing argument in her reply brief that the Court could not address the claims against Defendants FAL and attorney Steven Lindberg in its dismissal order because they had not been served. *See* R. 83-1 at 5. Notwithstanding Lockhart's failure to provide the Court with any rational basis to reconsider its prior ruling, or the fact that arguments raised in a reply brief are waived, *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011), the Court has the power at any time to *sua sponte* dismiss a claim under Federal Rule of 12(b)(6). *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) ("*Sua sponte* 12(b)(6) dismissals are permitted, provided that a sufficient basis for the court's

4

Lockhart's first request is for the Court to "reconsider Defendant's Motion to Abstain and [to] deny said motion." R. 75 at 6. The Court is puzzled by this request as no motion to abstain has ever been filed in this case. The Defendants filed a motion to dismiss, which the Court granted in part and denied in part. In making her request, Lockhart refers to the Court's analysis of the *Colorado River* doctrine but mainly resurrects the same arguments that she set forth in responding to the motion to dismiss. *See id.* at 2-6. It may be that Lockhart is in actuality challenging the Court's decision to stay the case. But she offers nothing to demonstrate the Court's prior ruling involved a manifest error of law or that the law has "significantly changed" in the last sixty days. Lockhart provided the Court with over fifty exhibits that may be relevant to the merits of the case, R. 77, but she does not explain why the exhibits constitute "newly discovered evidence" or even how it affects the Court's legal determination that a stay is appropriate. A motion for reconsideration is not the time "for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments *that could and should have been presented to the district court*" prior to its ruling. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). There is thus no basis for the Court to reconsider its analysis regarding the *Colorado River* doctrine.

---

action is evident from the plaintiff's pleading."). An inadequate complaint can be dismissed even when the defendant has not been served.

## II. Fair Housing Act Claim

The second basis for Lockhart's motion to reconsider arises out of the Court's prior analysis of the Fair Housing Act. R. 75 at 6-8. Lockhart argues that her claim is not barred by the two-year statute of limitations in 42 U.S.C. § 3613(a)(1)(A) and, in support, cites *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982); *Jafri v. Chandler IIC*, 970 F. Supp. 2d 852, 846-65 (N.D. Ill. 2013); and *Simovits v. Chanticleer Condominium Association*, 933 F. Supp. 1394, 1444 (N.D. Ill. 1996), to R. 75 at 7-8. Once again, however, Lockhart revives the same general arguments that she set forth in her response to the Defendants' motion to dismiss. She does not provide any information that comes anywhere close to satisfying the standard for a motion to reconsider. All of the cases were decided long before the Court issued its ruling, and none of the cases demonstrate the Court made a manifest error of law. Additionally, as previously discussed, Lockhart has provided no argument as to why her exhibits constitute newly discovered evidence, though the evidence (even if "newly discovered") does not affect the Court's ruling here anyway. Lockhart's argument on the issue fails.

## III. RESPA Claim

Lockhart contends that the Court improperly dismissed her RESPA claim in Count VII of her amended complaint, as it should apply the doctrine of equitable tolling. R. 75 at 10-13. This argument fails for two reasons. First, the Court's initial ground for dismissing the claim was Lockhart's failure to name the proper party

defendant. *See Lockhart*, 2014 WL 3811002, at *8-9 ("Because Lockhart acknowledges that she received notice of the assignment from HFC III, Fieldstone Mortgage (as the transferor) is the only entity that could thus be liable for the alleged failure to provide notice. Fieldstone Mortgage is not a party to this action, so Lockhart's claim fails.") (internal citation omitted). Lockhart offers nothing to demonstrate this legal conclusion was incorrect.

Next, Lockhart's RESPA claim was subject to the three-year statute of limitations in 12 U.S.C. § 2614, and the Court previously concluded that Lockhart's claim was time-barred. Lockhart now argues that the Court should toll the statute of limitations by applying the doctrine of equitable tolling. R. 75 at 8-10. In support, she argues that she "was prevented from knowing that HFC III was allegedly assigned the debt in 2011 because of the Defendant's [sic] fraudulent claims that they already owned the debt since at least 2005/2006." *Id.* at 8-9. Regardless of whether Lockhart's argument has merit, the time for presenting that argument was in responding to the Defendants' motion to dismiss, not in a later-filed motion for reconsideration. *See Ahmed v. Ashcroft*, 388 F.3d 247, (7th Cir. 2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996))). That time came and went. The Defendants may have had the burden to demonstrate that Lockhart's claims were time-barred on the face of Lockhart's complaint, as Lockhart repeatedly argues, *e.g.* R. 83-1 at 2,

but once they did, Lockhart had to say why they were not barred. Lockhart did not do so then, and she has likewise not provided the Court with an adequate basis to reconsider its prior ruling now.

## IV. HOEPA & TILA Claims

Lockhart advances a number of arguments in support of her belief that the Court should reconsider its dismissal of her HOEPA and TILA claims.[2] She does not, however, specify which Defendants her arguments relate to or what the basis for reconsideration is. Instead, she simply argues that the Court erred in dismissing her TILA claim under 15 U.S.C. § 1641. R. 75 at 10-13. Like many of Lockhart's other arguments, this argument is without merit because, as the Court recognized in its prior order, Lockhart did *not* address the statute of limitations argument in her response to the Defendants' motion to dismiss. *See Lockhart*, 2014 WL 3811002, at *13 ("Lockhart's response to the motions to dismiss does not address the statute of limitations argument directed at her HOEPA and TILA claims."). Lockhart had her opportunity to advance that argument but chose not to. The same goes for her arguments regarding equitable tolling and that "she may bring [her] claim in the foreclosure action, in recoupment as a defense against the foreclosure." R. 75 at 11. Nevertheless, even if the Court were to consider the arguments, Lockhart has failed to provide the Court with anything that satisfies the standard for the Court to reconsider its prior determinations.

---

[2] Lockhart fails to acknowledge that the Court did *not* fully dismiss her HOEPA claim in Count XI. *See Lockhart*, 2014 WL 3811002, at *12-13.

## V. FDCPA Claims

Lockhart's arguments for why the Court should reconsider its ruling as to her FDCPA claim are also without merit. Lockhart again rehashes the same arguments that she set forth in responding to the motion to dismiss. *See id.* at 13-10. She cites *Jones v. U.S. Bank National Association*, No. 10 C 0008, 2011 WL 814901 (N.D. Ill Feb. 25, 2011), to suggest the Court should allow her to amend her claim. But she filed a motion for reconsideration and offers nothing to demonstrate the Court made a manifest error of law, and her exhibits, even if considered newly discovered evidence, do not require the Court to reconsider its prior determination on the issue.

## CONCLUSION

For the foregoing reasons, Lockhart's motion to reconsider, R. 74, is denied, and the case remains stayed. The status hearing set for October 1, 2014, at 9:00 a.m., remains.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 30, 2014