IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELOISE LOCKHART | ) |
| | ) FILED: June 23, 2014 |
| Plaintiff, | ) 13CV 9323 |
| | ) JUDGE DURKIN |
| v. | ) MAG. JUDGE GILBERT |
| | ) |
| HSBC FINANCE CORPORATION, et al., | |
| Defendants | |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56

Plaintiff Eloise Lockhart ("Plaintiff"), submits this Memorandum of law in Support of Plaintiff's Motion for Summary Judgment, pursuant to FRCP 56:

## I  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).  There can be no genuine issue of material fact where there is a complete failure of proof by the non-moving party. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986).  In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Scott v. Harris 550 U.S. 372, 380, 127 S.CT. 1769, 167 L.Ed. 2d 686 (2007).  If a defendant fails to answer a complaint and a default is entered, "well –pled allegations of the complaint relating to liability ae taken as true."

*Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). See also Merrill lynch Mort. Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990). ("In the case of a default, this circuit {7th Cir} follows the rule that the well-pleaded allegations of the complaint relating to liability are taken as true…").

Because the Defendant failed to file any responsive pleading in this matter, Plaintiff is entitled to rely on the foregoing presumption as to each allegation in the complaint.

## II  STATEMENT OF FACTS

In counts 1-3 of the AC Plaintiff alleges that defendants FAL and Attorney Lindberg violated § 1962(c) of RICO which states, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Plaintiff further alleged that defendants FAL and Lindberg violated § 1962(b) which makes it unlawful "for any person through… collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C § 1962(b).  Plaintiff further alleges that the defendants violated 1962(d) which prohibits any person from conspiring to violate § 1962, subsections (a) through (c). 18 U.S.C. § 1962 (c).

The amended complaint further alleges that Defendants FAL violated the FDCPA § 812 and §§ 1692 and 1692(e). Defendants conspired to collect and continue to conspire to collect a debt which was cancelled, pursuant to applicable federal law in June, 2006. These collection activities on the part of the defendants constitute collection of unlawful debt in violation of RICO and also violate the FDCPA.

### III  ARGUMENT

The amended complaint specifies three foreclosure law suits filed by FAL&R against Plaintiff on behalf of HFC III and MERS. The state foreclosure actions instituted by FAL&R on behalf of HFC/MERS constitute collection of unlawful debt and conspiracy to collect unlawful debt in violation of RICO.

The three law suits filed by defendants and their ongoing efforts to collect alleged debt must be seen as deliberate attempts to defraud as they were filed on behalf of HFC III/MERS which were not and are not record lien holders and therefore had no standing to proceed as such before the foreclosure court.

Further even if a mortgage lien had been created by the recording of the mortgage and Note, neither HFC III nor MERS are the original lender in spite of what they claimed when they filed the first two foreclosure actions. As assignees, they were required to prove ownership of the debt "in the form of contracts of assignments or documents that are incorporated by reference into those contracts, rather than in the form of an affidavit. Shah 1, 407 Ill. App. 3d at 747, 946 N.E. 2d at 694 (interpreting requirements of §225 ILCS 425/8b (2008).

In this case, the "affidavit" purporting to show that the defendants owned the mortgage and Note, stated that the defendants did not own the Mortgage until 4 years after the last foreclosure lawsuit was filed. Standing to foreclose must exist at the time the law suit is filed. With respect to the Note, there is no claim that the defendants ever were transferred the Note which they seek to collect. Pursuant to Illinois law Mortgages are not assignable without the Note and an attempt to assign the Mortgage without the Note transfers nothing. "Our Courts have long held that a mortgage is deemed a mere incident to the mortgage debt, and that an attempt to assign the mortgage without any

transfer of the debt will not pass the mortgagee's interest to the assignee, but is a nullity." *Commercial prods. Corp. v Briegel,* 242 N.E. 2d 317, 321 (Ill. App. Ct. 1968).

The only legitimate connection which any of the HSBC or Household entities had to the loan was that HSBC Mortgage Services, serviced the loan. HSBC Mortgage Services, which Lockhart sued in less than its' full name, as HSBC Mortgage,

Each month leading up to the filing of Plaintiff's complaint (from January, 2013- December, 2013), HFC III in conspiracy with FAL sent collection notices to collect monthly mortgage payments, late fees and other fees in violation of RICO. The collection notices specifically referenced the fact that the loan had been accelerated (and was in foreclosure) but nevertheless demanded monthly mortgage payments, late fee and other fees. These notices, sent by HSBC Mortgage Services, constitute a continuing conspiracy to collect unlawful debt in violation of RICO and in violation of the FDCPA. HSBC Mortgage Services is a wholly owned subsidiary of HSBC Finance Corporation.

After the loan was rescinded, defendants had no claim of right to plaintiffs home and they knew that they had no such right. As assignees of the Note, defendant HFC III would have had the right to demand tender from Plaintiff once the loan was rescinded. The fact that they did not indicates that they were well aware that their claim was fraudulent. The Seventh Circuit has determined that if a defendant has no claim of right to property, the use of fear to obtain that property…including the fear of economic loss—may …amount to extortion. *Rennell v. Rowe*, 635 F.3d 1008. 1012 (7th Cir. 2011). In this case, defendants continue to utilize the threat of economic loss, through

foreclosure, against Plaintiff when they clearly have no claim of right to Plaintiff's property.

In 2012, Defendant HSBC signed a consent order agreeing to dismiss foreclosure actions wherein they were proceeding without standing as they knew they were in Plaintiff's case. See *United States of America* Before the Board of Governors of the Federal Reserve System Washington Dc. Docket No. 11-022-B-HC, 11-022-B DEO. They agreed to compensate the homeowners for any losses. Plaintiff did not file the federal RICO claim until the Defendants failed to dismiss the pending foreclosure action and failed to compensate plaintiff according to the consent order which they signed. That the defendants have refused to dismiss their unlawful foreclosure action in derogation of their agreement subjects defendants to punitive damages.

## CONCLUSION

WHEREFORE, Plaintiff Eloise Lockhart respectfully requests that this Honorable Court enter an order granting her Motion for Summary Judgment and entering judgment as prayed for in the complaint for violation of RICO collection of unlawful debt and Conspiracy to collect unlawful debt and for violation of the Fair Debt Collection Practices Act. Plaintiff further requests that she be awarded her costs, including attorney fees.

Respectfully submitted,

/s/Eloise Lockhart
Plaintiff