IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELOISE LOCKHART, | ) | |
|         Plaintiff, | ) | Case No. 13 CV 9323 |
| vs. | ) | |
| | ) | |
| HSBC FINANCE CORPORATION; HSBC | ) | Honorable Thomas M. Durkin, |
| MORTGAGE CORP.; HOUSEHOLD | ) | Judge Presiding. |
| FINANCE CORPORATION III; | ) | |
| MERSCORP, INC.; MERS; FREEDMAN | ) | |
| ANSELMO LINDBERG, LLC; STEVEN C. | ) | |
| LINDBERG; JANE & JOHN DOES 1-10 | ) | |
| AS AGENTS AND/OR EMPLOYEES | ) | |
| RELATED TO HSBC, FREEDMAN | ) | |
| ANSELMO LINDBERG, AND | ) | |
| MERSCORP, INC.,; BRADY PILGRIM | ) | |
| CHRISTAKIS BELL LLP; JEFFREY | ) | |
| PILGRIM; JANE AND JOHN DOES 1-10 | ) | |
| AS AGENTS AND/OR EMPLOYEES | ) | |
| RELATED TO DEFENDANTS BRADY | ) | |
| PILGRIM CHRISTAKIS BELL; and | ) | |
| ARNOLD G. KAPLAN, | ) | |
|         Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO VACATE DEFAULT**

NOW COME Defendants FREEDMAN ANSELMO LINDBERG, LLC, n/k/a ANSELMO LINDBERG OLIVER, LLC, and STEVEN C. LINDBERG, by and through their counsel, Robert J. Deisinger of Anselmo Lindberg Oliver, LLC, and in reply in support of Defendants' motion to vacate default state as follows:

    1.    In response to Defendants' motion, Plaintiff inconceivably reiterates numerous misstatements of both law and fact.

    2.    On Page 2 of Plaintiff's response, Plaintiff argues that Defendants' purported failure to return service waivers excuses her failure to effectuate service within 120 days of filing her complaint as required by F.R.C.P. 4.

3. There is no indication in the record that Plaintiff ever attempted to serve process on Defendants within the time required by Rule 4. On the contrary, the record reflects that Plaintiff improperly attempted to serve process by mailing certain documents to Defendants on April 11, 2014, without actually complying with Rule 4. *See Docket #54, #55.* As set forth in Defendants' motion, service of process cannot be completed by mail alone. *See Motion,* ¶11, 13. Furthermore, service of process on Defendants could not be made by the Plaintiff herself. F.R.C.P. 4(c)(2) (prohibiting service by anyone who is a party to the action).

4. On June 26, 2014 (178 days after initiating this action), Plaintiff filed a motion to approve alternative service of process on Defendants in which she requested leave to serve Defendants by certified mail. In that motion, Plaintiff admitted that she had not effectuated service of process on Defendants. *Docket #66,* ¶7.

5. On August 1, 2014, the Court dismissed Plaintiff's first amended complaint in its entirety and stayed further action in this case. *Docket #71.*

6. The Court denied Plaintiff's motion for alternative service on August 7, 2014. *Docket #72.*

7. On September 30, 2014, the Court denied Plaintiff's motion to reconsider the dismissal of Plaintiff's first amended complaint and reiterated that the case remained stayed. *Docket #87.*

8. Notwithstanding that her complaint had been dismissed in its entirety and that the case had been stayed twice over, Plaintiff requested the Clerk of the Court to issue an alias summons to Defendants on November 5, 2014 (310 days after initiating this action). *See Docket entry, 11/05/2014.*

9. On December 10, 2014 (345 days after initiating this action), again notwithstanding that her complaint had been dismissed and the case had been stayed, Plaintiff filed a second motion for alternative service of process. *Docket #93*. Again, Plaintiff conceded that she had not effectuated process on Defendants. *Id.*

10. On December 22, 2014, the court entered an order denying Plaintiff's motion as moot. *Docket #95.*

11. On April 13, 2015, the court entered an order denying Plaintiff's motion for summary judgment and again ordering that the case remained stayed. *Docket #102.*

12. Notwithstanding that Plaintiff conceded twice in her motions for alternative service of process that she had failed to effectuate service of process on Defendants; that all counts of her complaint had been dismissed; and that the court ruled on three separate occasions that this case is stayed, Plaintiff sought an order of default against Defendants on April 15, 2015 – 471 days after this action was instituted.

13. That is, despite *admitting* to having not effectuated service on Defendants, Plaintiff sought an order of default against defendants, without properly serving them with process over nearly *four times* the maximum time permitted by Rule 4.

14. Further, Plaintiff falsely and repeatedly reasserts in her response to Defendants' motion that the registered agent of Anselmo Lindberg Oliver is David Anselmo despite ample opportunity to correct her error. Further still, Plaintiff falsely represents that David Anselmo is Steven Lindberg's designated agent for service of process despite that Steven Lindberg has been sued individually.

15. Plaintiff argues that Defendants bear the burden of establishing that service of process was improper. A plain reading of Rule 4 demonstrates that service of process by mail

alone is improper. *Motion,* ¶¶9-13. Furthermore, Plaintiff's own motions for alternative service of process concede that service of process by mail alone is improper. *Docket #66, #93*. The only "returns of service" on Defendants in the record state that Plaintiff herself attempted to serve process by mailing, despite Rule 4's prohibition on parties serving process. *Docket #54, #55*. The record is clear on its face that the Court lacks personal jurisdiction over Defendants.

16. Further still, the affidavit submitted in conjunction with the motion for default against Defendants falsely claims under oath that "Defendant was served with the complaint and summons by service on CT Corporation System, their agent for service of process …. The summons and Affidavit of Service are docketed as number 19-1 and are attached hereto." *Docket #109*. The returns of service docketed as #19-1 are not for these Defendants. *Docket #19-1*.

17. Finally, Plaintiff argues that her "case has not been dismissed in its entirety." *Response, at* pg. 5. However, what Defendants asserted in their motion was that the current complaint has been dismissed in its entirety. *Motion,* ¶6.

18. Plaintiff's complaint contained a total of 15 counts. Counts 1, 2, 3, and 15 were dismissed without prejudice. Counts 4, 5, 6, 7, 8, 9, 10, and 14 were dismissed with prejudice. Count 11 was dismissed with prejudice as to all defendants except HSBC. Counts 12 and 13 were dismissed with prejudice as to all defendants except HSBC, HFC III, MERS and MERSCORP. There is no count of Plaintiff's amended complaint which has not been dismissed as to Defendants, and as such, there was no operative complaint pending against Defendants at the time Plaintiff sought entry of default against Defendants. *Docket #71*.

19. As set forth in Plaintiff's motion and as elaborated upon herein, all counts of Plaintiff's complaint against Defendants were dismissed; Plaintiff repeatedly conceded that she has not effectuated service of process on Defendants (for 540 days now, and counting); and this

Court entered three separate orders staying all proceedings in this action prior to entering the order of default against Defendants. It is overwhelmingly apparent that Plaintiff sought entry of an order of default against Defendants despite the clear mandates of the Rules of Civil Procedure and this Court's orders. As such, Defendants' motion to vacate default must be granted.

WHEREFORE, Defendants Freedman Anselmo Lindberg LLC n/k/a Anselmo Lindberg Oliver, LLC, and Steven C. Lindberg pray that this Honorable Court enter an Order:

A. Vacating the order of default entered on April 23, 2015; and

B. Granting movants such other and further relief as is just and equitable.

Respectfully submitted,

By: /s/ Robert J. Deisinger
One of the attorneys for Defendants

Robert J. Deisinger, ARDC No. 6286021
Anselmo Lindberg Oliver, LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL  60566-7228
630-453-6960; 630-428-4620 (fax)
rdeisinger@alolawgroup.com
Counsel for Defendants Anselmo Lindberg Oliver, LLC, and Steven C. Lindberg

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that on June 23, 2015, I electronically filed the attached Reply in Support of Motion to Vacate Default with the Clerk of the Court using the CM/ECF system, from which notice will be served upon the following:

| | |
|---|---|
| **Eloise Lockhart**<br>*Pro Se*<br>1721 Hillcrest Drive<br>Irving, TX<br>773 330 8812<br>Email: eloiselockhart@gmail.com | **Anna-Katrina S Christakis**<br>Pilgrim Christakis LLP<br>321 North Clark Street<br>26th Floor<br>Chicago, IL 60654<br>(312) 939-0920<br>Email: kchristakis@pilgrimchristakis.com |
| **Jeffrey D. Pilgrim**<br>Pilgrim Christakis LLP<br>321 North Clark Street<br>26th Floor<br>Chicago, IL 60654<br>312-939-0923<br>Fax: 312-939-0983<br>Email: jpilgrim@pilgrimchristakis.com | **Jason Andrew Julien**<br>Pilgrim Christakis LLP<br>321 N. Clark St.<br>26th Floor<br>Chicago, IL 60654<br>(312) 924-1773<br>Fax: (312) 939-0983<br>Email: jjulien@pilgrimchristakis.com |
| **Adrian M. Vuckovich**<br>Collins Bargione & Vuckovich<br>One North LaSalle Street<br>Suite 300<br>Chicago, IL 60602<br>(312) 372-7813<br>Email: email@cb-law.com | **Arnold Gary Kaplan**<br>Kaplan & Associates, Ltd.<br>20 North Clark Street<br>Suite 1725<br>Chicago, IL 60602<br>(312)443-1667<br>Email: akaplan@atty-kaplan.com |
| **George B. Collins**<br>Collins & Bargione<br>One North LaSalle Street<br>Suite 300<br>Chicago, IL 60602<br>(312) 372-7813<br>Email: email@cb-law.com | **Kathryne R. Hayes**<br>Collins Bargione & Vuckovich<br>1 North LaSalle Street<br>Suite 300<br>Chicago, IL 60602<br>708 655 5139<br>Email: khayes@cb-law.com |

    Dated: <u>June 23, 2015</u>              By: <u>/s/ Robert J. Deisinger</u>

Robert J. Deisinger, ARDC No. 6286021
Anselmo Lindberg Oliver, LLC
1771 W. Diehl Rd., Ste 120
Naperville, IL 60566-7228
630-453-6960; 630-428-4620 (fax)
rdeisinger@alolawgroup.com
Counsel for Defendants Anselmo Lindberg Oliver, LLC, and Steven C. Lindberg