UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELOISE LOCKHART, | ) | |
| | ) | No. 13 C 9323 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| HSBC FINANCE CORPORATION, HSBC MORTGAGE CORP., HOUSEHOLD FINANCE CORP. III, MERSCORP, INC., MERS, FREEDMAN ANSELMO LINDBERG, LLC, STEVEN C. LINDBERG, JANE & JOHN DOES 1-10 AS AGENTS AND/OR EMPLOYEES RELATED TO HSBC, FREEDMAN ANSELMO LINDBERG, AND MERSCORP, INC., BRADY PILGRIM CHRISTAKIS BELL, LLP, JEFFREY PILGRIM, JANE AND JOHN DOES 1-10 AS AGENTS AND/OR EMPLOYEES RELATED TO DEFENDANTS BRADY PILGRIM CHRISTAKIS BELL, AND ARNOLD G. KAPLAN, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants Freedman Anselmo Lindberg, LLC, n/k/a Anselmo Lindberg Oliver, LLC ("FAL"), and Steven C. Lindberg have moved to vacate the order of default entered against them on April 23, 2015. For the following reasons, the Court grants the defendants' motion.

### BACKGROUND

*Pro se* plaintiff Eloise Lockhart has sued numerous defendants for various alleged violations of federal and state law arising from attempts to foreclose on her home. R. 6. With the exception of FAL and Lindberg, the other defendants in the

1

case filed their appearances and moved to dismiss Lockhart's complaint. R. 35, 38, 42. On May 19, 2014, Lockhart filed an affidavit from her process server indicating that he had been unable to serve the defendants after three attempts. R. 57. On that same date, Lockhart filed "executed" summonses for Lindberg and FAL. R. 55; R. 56. In fact, the Returns of Service were not executed. In lieu of signed Returns of Service, Lockhart attached photocopies of certified mail receipts listing Lindberg and FAL as addressees. *Id.* On June 26, 2014, Lockhart filed a motion to approve alternative service on FAL and Lindberg, essentially asking the Court to ratify her previous attempt to serve the defendants by mail. R. 66. On August 1, 2014, before hearing Lockhart's motion for alternative service, the Court entered a memorandum opinion and order: (1) dismissing Counts I, II, III, and XV of Lockhart's amended complaint without prejudice; (2) staying Counts XI (as to HSBC, HFC III, MERS, and MERSCORP), XII (as to HSBC and HFC III), and XIII (as to HSBC and HFC III) in light of a pending foreclosure action in state court; and (3) dismissing the balance of Lockhart's complaint with prejudice. R. 71 at 38. The Court gave Lockhart leave to amend her complaint once the foreclosure action was complete. *Id.* A week later, on August 7, 2014, the Court dismissed Lockhart's motion for alternative service without prejudice. R. 72.

On December 10, 2014, Lockhart filed an "amended" motion to approve alternative service as to FAL and Lindberg. R. 93. She indicated in her motion that she had mailed alias summonses to the defendants, and attached to her motion photocopies of the return receipts addressed to "Thomas J. Anselmo, Registered

2

Agent." R. 93-2. The return receipts are stamped "Restricted Delivery," *id.*, which "ensures that mail is delivered only to a specific addressee or the addressee's authorized agent." *See* "Restricted Delivery," available at https://about.usps.com/publications/pub370 /pub370_013.htm (last visited July 7, 2015). In the delivery portion of the form, someone checked "agent" (rather than "addressee"). R. 93-2. An indecipherable signature appears in the upper right hand corner of the form. *Id.*[1]

At the hearing on Lockhart's amended motion for alternative service, the Court indicated that it believed that mailing process to the defendants was proper. As such, the Court denied as moot Lockhart's motion for "alternative" service. R. 95. The Court invited Lockhart to file a motion for an order of default, which she filed on April 15, 2015. R. 104. The Court granted her motion and entered an order of default against FAL and Lindberg on April 23, 2015. R. 110. FAL and Lindberg filed the present motion to vacate the default on May 21, 2015. R. 114.

## LEGAL STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "Any of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry . . . ." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2696 (3d ed.). Among other grounds, Rule 60(b) authorizes courts to vacate a judgment that is "void." Fed. R. Civ. P. 60(b)(4). "A judgment entered against a defendant over whom the court had no jurisdiction is void, and no court has the discretion to refuse to

---

[1] For some unknown reason the recipient's printed name has been redacted.

vacate that judgment once it recognizes its lack of jurisdiction." *Philos Tech., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011); *see also Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) ("[A] judgment is void as to any party who was not adequately served.").

## ANALYSIS

Federal Rule of Civil Procedure 4 sets forth the procedures governing service of process in federal cases. Rule 4(h) provides that a domestic corporation or other unincorporated association must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). An individual, in turn, must be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Illinois law, a private corporation may be served "(1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204. An individual must be served "(1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode . . . ." 735 ILCS 5/2-203.

Lockhart failed to properly serve the FAL and Lindberg. With respect to FAL, both federal and Illinois law require the plaintiff to "deliver" the summons to, or "leave" it with, a general agent of the corporation or the corporation's registered agent for service of process. *Mailing* the summons is insufficient. *See, e.g., Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of the Federal Rules or the relevant state statutes."); *Reavley v. Toyota Motor Sales US Corp.*, No. 00 C 3676, 2001 WL 127662, at *6 (N.D. Ill. Feb. 14, 2001) ("Plaintiffs sent these defendants the complaint by certified mail, but that is not proper service under federal or Illinois law."). Lockhart's attempted service on Lindberg is deficient for the same reason.

5

The statutes require personal service, or delivery at the defendant's usual abode (and then mailed to the same address). Mailing the summons to the defendant's office, as Lockhart did here, is insufficient.

Lockhart's attempted service did not comply with Rule 4, and the Court denied her motions to serve FAL and Lindberg by alternative means. The Court lacks jurisdiction over FAL and Lindberg and must vacate the default entered against them on April 23, 2015.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to vacate default, R. 114. Given the defendants' belated appearance in this case after Lockhart's unsuccessful attempts to serve them at their place of business, the Court hopes and expects that the defendants will now waive service of process. In case they do not do so, the Court on its own motion extends Rule 4(m)'s time limit to serve the defendants with process to August 31, 2015. If it appears the defendants, a law firm and a lawyer, are evading service, appropriate sanctions will be entered in addition to referral of the conduct to the Attorney Registration and Disciplinary Commission. The Court will retain the upcoming July 14, 2015 status date for a report on the status of the pending state court litigation. Defendants FAL and Lindberg should consider attending that status conference through counsel, whether served or not, so they can being participating in this litigation, and so the needless waste of judicial resources occasioned by the default—and the vacating of it—is not repeated.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: July 8, 2015