**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELOISE LOCKHART, ) | |
|     Plaintiff, ) | |
| vs. ) | |
| HSBC FINANCE CORPORATION, HSBC ) | Case No. 13 CV 9323 |
| MORTGAGE CORP., HOUSEHOLD ) | |
| FINANCE CORP. III, MERSCORP, ) | Chicago, Illinois |
| INC., MERS, FREEDMAN ANSELMO ) | May 18, 2015 |
| LINDBERG, LLC, STEVEN C. ) | 11:14 AM |
| LINDBERG, JANE & JOHN DOES ) | |
| 1-10 AS AGENTS AND/OR ) | |
| EMPLOYEES RELATED TO HSBC, ) | |
| FREEDMAN ANSELMO LINDBERG, AND ) | |
| MERSCORP, INC., BRADY PILGRIM ) | |
| CHRISTAKIS BELL, LLP, JEFFREY ) | |
| PILGRIM, JANE AND JOHN DOES ) | |
| 1-10 AS AGENTS AND/OR ) | |
| EMPLOYEES RELATED TO ) | |
| DEFENDANTS BRADY PILGRIM ) | |
| CHRISTAKIS BELL, AND ARNOLD G. ) | |
| KAPLAN, ) | |
| ) | |
|     Defendants. ) | |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MAGISTRATE JUDGE JEFFREY T. GILBERT

APPEARANCES:

Plaintiff Pro se:        MS. ELOISE LOCKHART
                                1721 Hillcrest Drive
                                Irving, Texas

Transcriber:
                                SANDRA M. TENNIS, CSR, RMR, FCRR
                                Official Court Reporter
                                United States District Court
                                219 South Dearborn Street, Suite 2260
                                Chicago, Illinois  60604
                                Telephone:  (312) 554-8244
                                Sandra_Tennis@ilnd.uscourts.gov

```
 1   APPEARANCES: (Continued.)

 2   For the Defendants        PILGRIM CHRISTAKIS LLP
     HSBC, MERS and            BY:  MR. JASON A. JULIEN
 3   Pilgrim Christakis        321 North Clark Street
                               26th Floor
 4                             Chicago, IL 60654

 5
     For Defendant             COLLINS, BARGIONE & VUCKOVICH
 6   Arnold Kaplan             MS. KATHRYNE R. HAYES
                               1 North LaSalle Street, Suite 300
 7                             Chicago, IL 60602

 8
         **PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION**
 9           NOTE:  FAILURE TO STAND NEAR THE MICROPHONE MAKES
                    PORTIONS UNINTELLIGIBLE AND INAUDIBLE.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  (Proceedings heard in open court:)
2  THE CLERK:  13 CV 9323, Lockhart vs. HSBC Finance
3  Corporation, et al., for status.
4  MS. HAYES:  Good afternoon, your Honor.  Kathryne
5  Hayes on behalf of the Defendant, Arnold Kaplan.
6  THE COURT:  Good morning.
7  MR. JULIEN:  Good morning, Judge.  Jason Julien on
8  behalf of the HSBC defendants and the MERS defendants and the
9  Pilgrim Christakis defendants.
10  THE COURT:  Okay.  Good morning.
11  MS. LOCKHART:  Good morning, your Honor.  Eloise
12  Lockhart, plaintiff, pro se.
13  THE COURT:  Good morning.  Okay.  Well, first of
14  all, I know you were here -- I don't know if you were here.
15  I think there was somebody else here.  Back in November, we
16  had a full and frank discussion, and I read your letters at
17  that time; and I re-read them before today.  And I did say
18  that, despite the fact that you were at opposite ends of the
19  spectrum economically that I was going to look at these
20  things and try and call the parties to see if I could make
21  individual efforts.  And I didn't do that.  I apologize for
22  not doing that.  I didn't do that in part because I couldn't
23  think of what to say based upon where you were and also just
24  other events overtook me.
25  So I've been following, though, what's been

1  happening in front of Judge Durkin.  And I know you're back
2  here -- I'm not exactly 100 percent sure why you're back here
3  or what motivated you to come back here; whether everybody is
4  wanting to sit down to try and resolve the case, or it was
5  really the HSBC defendants who wanted to sit down and see if
6  they could resolve the case; or whether this was kind of a
7  mutual effort to move from where the parties were the last
8  time.  Maybe you could help me on that.  And if we need to go
9  off the record, I'm be happy to go off the record, too.
10             MR. JULIEN:  I think it's primarily us, the HSBC
11 defendants.  So I think there was a bit of confusion in terms
12 of communication.  We believe -- it has been our position
13 that the claims started in the federal court case are
14 identical to the claims in the state court case.  And so
15 Ms. Lockhart is pro se, here, in federal court, but have been
16 acting with counsel in state court.
17             So we've reached out after November to
18 Ms. Lockhart's state court counsel several times to say, hey,
19 what's the status that you all --
20             THE COURT:  That's the foreclosure matter?
21             MR. JULIEN:  Right.  You had any further
22 communications about settlement and didn't really get any
23 traction.  I don't think they ever spoke to Ms. Lockhart.
24 And so when we didn't hear anything, I called chambers.  And
25 after the entry of the minute entry for this hearing, I got a

1  call from Ms. Lockhart saying essentially, hey, you should
2  direct settlement communications about this case to me.
3  Don't deal with the state court counsel.
4        Our concern had been these claims are identical.
5  And so if we were to have a global settlement, there is no
6  way we could really dispose of the federal claims and not get
7  rid of the state court claims which implicate, you know, the
8  relationship she has with counsel in state court.
9        But we do feel like having someone in the room to
10 kind of talk through these claims can bring us a lot closer
11 together than where we were when we exchanged those letters
12 in November.  It doesn't seem like, in speaking to counsel
13 this morning, that everybody wants to engage in a settlement
14 conference.  But even if it's just HSBC, MERS Corp., and the
15 Pilgrim Christakis defendants with Ms. Lockhart, if we
16 resolve our claims, that might make it easier for
17 Ms. Lockhart to resolve the remaining claims in the case.
18        THE COURT:  Okay.  Well, last time, and I'm -- and
19 I'm respectful that we're on the record so I'm not going to
20 say numbers and things like that.  I'm going to talk in
21 generalities.  And we can go off the record and we can talk
22 about this.  Okay?  But HSBC was in the same position back in
23 the fall.  Okay?  HSBC's view of these cases, this case and
24 the state case, you know, high level view from my view is
25 that, if you can resolve the state case, the foreclosure

1  action, in a way that is satisfactory with respect to the
2  property, that would go a long way towards settling this
3  case.
4         That was not Ms. Lockhart's view.  Okay?
5  Ms. Lockhart's view is -- was that that is only part of the
6  mix and that there was an economic component to her claims
7  that if the bank and the other defendants were not willing to
8  play ball on, she was not willing to play ball on resolving
9  just the foreclosure aspect of the case.  That was at least
10 my sense of this.
11        If that is still the sense of it, we can go off the
12 record and talk about whether the parties have changed at
13 all.  But my impression the last time was that HSBC was, A,
14 very willing to settle on the terms that HSBC wanted to
15 settle on.  Ms. Lockhart was very willing to settle on terms
16 which included monetary terms that she wanted to settle on.
17 And you guys were in different cities, ballparks, universes,
18 galaxies on that.  If that's still the case, while I'm not
19 closing the door to sitting down with everybody, I'm not, as
20 my kids used to say, magic.  I'm not magic.  I -- I cannot
21 perform miracles.
22        So just while we're on the record, Ms. Lockhart, do
23 I have the drift of this?
24        MS. LOCKHART:  Yes, your Honor.  That's the -- what
25 you just said, that was -- that was my position and is my

1    position.
2            THE COURT:  Your major position?
3            MS. LOCKHART:  That's correct, your Honor.
4            THE COURT:  Unless there is a monetary settlement
5    here, you're not interested?
6            MS. LOCKHART:  That's correct, your Honor.
7            THE COURT:  Okay.  So let's go off the record now
8    with everybody's consent.  Is that all right?
9            MR. JULIEN:  That's all right.
10           THE COURT:  And while we're on the record, Kaplan
11   is really not interested in the settlement discussion anyway
12   because they're not -- Kaplan is not interested in putting
13   any dollars on the table.  Kaplan's view of the settlement
14   is, just let us go away.
15           MS. HAYES:  That's correct, your Honor.
16           THE COURT:  Okay.  So let's go off the record.
17      (Discussion had off the record.)
18           THE COURT:  In case I want to refer to it later or
19   Judge Durkin wants to -- Oh, are we on the record already?
20           THE CLERK:  I just did it now.
21           THE COURT:  Okay.  So we had some settlement
22   discussions off the record.  I'm going to set a date for the
23   defendants, if they choose to do so, to revise their
24   settlement position with respect to Ms. Lockhart.  When
25   should I do that, Counsel?

1  MR. JULIEN: Can we go off the record really quick
2  on that point?
3  THE COURT: Yeah, well, okay, let me postpone it,
4  then. All right? I want -- I want the status of the state
5  court litigation on the record. So what you were telling me
6  is that, back in 2010, Ms. Lockhart filed a motion for
7  summary judgment in the state court action. And she said
8  defendants came into that action and said they had their own
9  motion for summary judgment they wanted to file and that both
10 motions should be considered together. The judge agreed with
11 that because that's an economic and efficient way to do
12 things. And that, since that time, defendants have not filed
13 a motion for summary judgment in the state court, nor have
14 they filed a response to plaintiff's motion for summary
15 judgment. And, really, if that's back to 2010, that means
16 for the last five years nothing has happened in the state
17 court. Counsel for defense is shaking his head.
18 And the reason I'm interested in this is because,
19 in terms of getting everything resolved, I know that last
20 month, in April, Judge Durkin denied plaintiff's motion for
21 summary judgment in this case and said the case will remain
22 stayed until the state court litigation terminates. And he
23 set a status for next week. But if the state court
24 litigation is not anywhere on any track to terminate, then I
25 would suggest he needs to know that because we're in a

1  never-ending circle.  We're like the circle of death that you
2  get on the computer when it's -- you can't do anything and
3  it's going to close; right?  It's like a circle that just
4  keeps going around and around.  If he is waiting for the
5  state court litigation to terminate before he does anything
6  here and nothing is happening at state court, then this case
7  will never terminate.
8      So your position, at least for me in the status of
9  the state court litigation, Counsel, is that stuff is
10  happening there?  I mean, because I thought you told me that
11  you would -- you're not really doing anything or you were
12  hoping everything would settle.
13      MR. JULIEN:  A lot happened in the state court case
14  after the motion for summary judgment was filed.  A separate
15  motion to dismiss was filed by Ms. Lockhart.  That motion was
16  litigated a great deal.  It went to the Illinois Court of
17  Appeals in 2012.  The appeal was dismissed, the case came
18  back down.  Some discovery was served in 2013.  There was a
19  bit of a discovery fight in the summer of 2013, June, a
20  motion to compel was filed.  That motion was noticed up for
21  March of 2014.  There was some -- I think that motion was
22  withdrawn and Ms. Lockhart was going to re-notice it in 2014,
23  did not do so.  But the federal court case was filed in
24  December of 2013.  And, in the intervening time, most of the
25  effort was spent defending the federal court case.  But there

1  was a lot of motion practice briefing, appellate court
2  practice from the end of 2010, on through 2011, through 2012,
3  and then discovery issues happened in 2013.
4          MS. LOCKHART:  Yes, your Honor, all of that is
5  correct, but --
6          THE COURT:  But it means nothing is happening in
7  the state court.
8          MS. LOCKHART:  Yeah, but they didn't file anything.
9          THE COURT:  In response to summary judgment.
10         MS. LOCKHART:  Right.  I filed everything that was
11 filed.
12         THE COURT:  Right.  Yeah, it sounds like you filed
13 a motion to dismiss, you filed summary judgment.
14         MS. LOCKHART:  I filed --
15         THE COURT:  It sounds like they asked for discovery
16 from you and there was a motion to compel there.
17         MS. LOCKHART:  That's correct.
18         THE COURT:  And I don't know how that got resolved,
19 but that was in state court and that was all before the case
20 came here.
21         MS. LOCKHART:  Yeah, and all of those was filed by
22 me, not by these defendants.
23         THE COURT:  Right, but -- but the net result is, at
24 the present time, and pretty much since the federal action
25 was filed by Ms. Lockhart, not much of any significance, or

| | |
|---|---|
| 1 | nothing of any significance, really, has happened in the |
| 2 | state court. |
| 3 | MR. JULIEN: Just to clarify the timeline, the |
| 4 | motion for summary judgment was filed in the beginning of |
| 5 | 2010, beginning portion. The motion to dismiss was filed |
| 6 | after the motion for summary judgment. |
| 7 | To answer your question, I believe the discovery |
| 8 | issues happened after the federal court case was filed. But |
| 9 | just to clarify another issue, the parties consented to stay |
| 10 | the state court case pending not the motion for summary |
| 11 | judgment, but the appeal issue while the case was up on |
| 12 | appeal at the Court of Appeals. And when it came back down, |
| 13 | that's when the parties engaged in discovery. |
| 14 | THE COURT: Okay. Well, and from the point of view |
| 15 | of Ms. Lockhart, so you -- you're fighting in state court |
| 16 | about a home you own here in Chicago? |
| 17 | MS. LOCKHART: I'm sorry, your Honor? |
| 18 | THE COURT: You're fighting in state court about a |
| 19 | home you own here in Chicago; right? |
| 20 | MS. LOCKHART: That's correct, your Honor. |
| 21 | THE COURT: That you borrowed money from HSBC on? |
| 22 | MS. LOCKHART: I borrowed money -- no, not from |
| 23 | HSBC. That's part of the problem. I borrowed from someplace |
| 24 | called Fieldstone. |
| 25 | THE COURT: Okay. Right, right, right. |

```
1           MS. LOCKHART:  And -- and -- yeah, right.
2           THE COURT:  Okay.  But they're trying to foreclose
3  on whatever loan documents they believe they have rights to
4  on your house.
5           MS. LOCKHART:  That's correct, your Honor.
6           THE COURT:  And you're still living there.
7           MS. LOCKHART:  Do I still live there?
8           THE COURT:  Uh-huh.
9           MS. LOCKHART:  No, your Honor.  I live in --
10          THE COURT:  Texas.
11          MS. LOCKHART:  Texas, full time.
12          THE COURT:  But you own this house?
13          MS. LOCKHART:  I own the house.
14          THE COURT:  Okay.  And unless and until a court
15 tells you otherwise, you're going to own that house.
16          MS. LOCKHART:  That's correct.
17          THE COURT:  Right.  Okay.  Do you want to go off
18 the record?
19          MR. JULIEN:  I do.
20          THE COURT:  Talk settlement?
21          MR. JULIEN:  Yes.  Well, just to answer a question
22 that you --
23          THE COURT:  Yeah.
24          MR. JULIEN:  -- posed to me.
25          THE COURT:  Okay.
```

1   (Which were all the proceedings heard.)

2   CERTIFICATE

3   I certify that the foregoing is a correct transcript
4   from the digital recording of proceedings in the
5   above-entitled matter to the best of my ability, given the
6   limitations of using a digital-recording system.

7

8   */s/Sandra M. Tennis*				*August 6, 2015*

9   _____		_____
10  Sandra M. Tennis				Date
    Official Court Reporter