IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELOISE LOCKHART )
)
        Plaintiff, ) 13CV 9323
) JUDGE DURKIN
  v. ) MAG. JUDGE GILBERT
)
HSBC FINANCE CORPORATION, et al.,

        Defendants.

## PLAINTIFF'S COMBINED RESPONSE TO APPEARING DEFENDANTS MOTIONS TO DISMISS

Now comes Eloise Lockhart Plaintiff pro se, in opposition to HSBC Finance Corporation Motion and Memorandum of law seeking to dismiss Plaintiff's claims.

**Defendants Arguments for Dismissal on Jurisdiction Grounds are Without Merit.**

In Exxon v.Mobile, v. Saudi Basic Industries, 544 U.S. 289 ,the Supreme Court held that *Rooker-Feldman* applies to a very narrow set of cases, brought by state court losers complaining of injuries caused by state court judgments rendered before the court proceedings commence. The state court rendered its judgment six years <u>after</u> this federal case commenced complaining of injuries caused by these defendants leading

up to state court judgment and of course not seeking review or rejection of the judgment which the state court would reach six years later.

Citing *MCClelland v. Garland* 217 U.S. 268, 282 (1910) the Court stated " Neither *Rooker or Feldman support the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remain sub judice* in a federal court.   There could be no serious doubt that this case is "beyond the reach " of  *Rooker– Feldman.*

### Disposition of the Federal Case is governed by Illinois Preclusion Law

According to Exxon when cases are parallel like this case, a federal court may be bound to recognize the claim- and issue preclusive effects of a state court judgment if the federal Plaintiff presented some "independent claim", albeit one that denies a legal conclusion that a state court has reached in a case to which it was a party…then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion. *Gash Associates v. Rosemount,* 995 F. 2d 726( Ca& 2003) accord *Noel v. Hall,* 341 F. 3d 1148, 1163-1164  ( Ca. RF does not prevent the plaintiff from proceeding in Federal court in a case she lost in state court grounds that did not preclude the District Court from exercising jurisdiction.

**Illinois claim preclusion and collateral estoppel do not bar Plaintiff's Claims**

To establish that a claim is precluded by res judicata also know as claim preclusion, the party seeking dismissal must show that " three criteria are met: thee must be a final judgment on the merits rendered by a court of competent jurisdiction : (2) an identity of causes of action: and (3) an identity of parties or privies." *Low v. A & B Freight Line,*

*Low v. A&B Freight Line.,* Defendants cannot satisfy its' "heavy burden" in establishing that any decision in the state court proceeding, constituted a final decision on the merits of Plaintiffs' RICO collection of unlawful debt claim. Or Plaintiff's claim for violation of the late fees provisions of the Illinois Interest Act ("Interest Act"). There is no identity of parties or privies because HFC III ('HFC") was the only Plaintiff in the state case and the remaining parties are not all in privy with each other, The perquisites for *res judicata"* therefore are not met, and it would be " fundamentally unfair" to preclude Plaintiff from litigating her RICO claims for collection of unlawful debt, her claim for violations of late the late fees provisions of the Interest Act. See St. Rita High School, 197 Ill 2d 381,390 (2001). " *Res judicata will not apply where it would be fundamentally unfair to do so.*

Under Illinois's issue preclusion law, a previously litigated issue from a prior proceeding cannot be litigated " if (1) the issue decided in t     In *Exxon the court held that rf applies to a very narrow set of cases. Rf deprives the state courts of jurisdiction over* "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before …the district court proceeding commenced and inviting …review and rejection of those judgments." The Court further stated that " it does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state court actions. itself involved parties who had been defeated and state court and then turned to federal court seeking to have federal court overturn the state court judgment. losers complaining of injuries caused by state proceedings **.**The Court rejected the assertion that  Asarco Inc v. Radish 490 U.S. 625 ( 1998), expanded *Rooker-Feldman's*

jurisdictional bar to include federal actions that simply raise claims previously litigated in state court.

Defendants contend that when the state court reached its verdict , federal jurisdiction ended. However rf held that when there is parallel state and federal jurisdiction , rf is not triggered simply by the entry of judgment in state court. Citing Mcclelland v. Garland 217 U.S. 268, 282 (1910) the Court stated " This Court has repeatedly held that " the pendency an action in state court is no bar to proceedings concerning the same matter in Federal court having jurisdiction", even though comity or abstention, permit or require the federal court to stay or dismiss the federal action in favor of state litigation. " Neither Rooker or Feldman support the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court. According to *Rooker* " disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law"" . According Exxon, when cases are parallel , a federal court may be bound to recognize the claim- and issue preclusive effects of a state court judgment, but federal jurisdiction does not terminate automatically on the entry of judgment in state court. Exxon held that if a federal plaintiff presented some "independent claim", albeit one that denies a legal conclusion that a state court has reached in a case to which it was a party…then there is j

***Illinois claim preclusion and collateral estoppel do not bar Plaintiffs' claims.***

To establish that a claim is precluded by *res judicata,* also known as claim preclusion, the party seeking dismissal must show that " three criteria are met; (1) there must be a final judgment on the merits rendered by a court of competent jurisdiction: (2) an identity of causes of action; and (3) an identity of parties or privies." *Low v. A& B Freight Line, Inc.,* 676 N.E. 2d 1284, 1285-86 ( ILL. 1997). Defendants cannot satisfy its' "heavy burden" in establishing that any decision in the state court proceeding constituted a final decision on the merit of Plaintiffs' RICO collection of unlawful debt claim, or Plaintiff's claim for violation of the late fees provisions of the IIL: There is no identity of parties or privies because HFC III was the only plaintiff in the state case and the remaining defendants are not in privy with each other  The perquisites for *res judicata* therefore are not met, and it would be " fundamentally unfair" to preclude Plaintiff from litigating her RICO fraud claim for collection of unlawful debt and for violation Plaintiff's claim for violations of late fees provisions for violation of the IIA. See *St. Rita High School,* 197 Ill.2d 381, 390 ( 2001). *("
Res judicata* will not apply be applied where it would be fundamentally unfair to do so

The inapplicability of res judicata principals to Plaintiff's claim for damages because Defendants failed to honor her rescission under  is demonstrated by the fact that Defendants can point to an order which detailed the reasons the claim was denied.

HFC III satisfies its "Heavy Burden" with respect to Plaintiff's claims that the

In Illinois, the elements of collateral estoppel are: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question: (2) the party against whom estoppel is asserted was a party or in privity with a party to the prior litigation: (3) there has been a final judgment on the merits in the former suit: and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issues in the prior suit. *Henry v. Ryan,* 775 F. Supp.at 252: In applying the doctrine of collateral estoppel, courts are obliged to look at the record with "realism and rationality" in order to determine which factual questions have been decided. *People v. Ward, 381 N.E.2d, 259 (1978). C*ollateral estoppel bars subsequent actions only as to the matters actually litigated and determined in the prior suit, and not as to other matters which might have been litigated and determined in the prior suit. To satisfy the actually litigated requirement, a full trial is not necessitated. However, a parry must have a full and fair opportunity to present its case. *Housing Authority for LaSalle County v. YMCA of Ottawa, 461 N.E. 2d 959, 962 (1984).*

Under Illinois law collateral estoppel is "limited to the precise factual or legal issues actually litigated and decided when a prior order was entered," In re Leigh,, 165 B.R. 203, 217 ( Bankr. N.D. Ill. 1993), " a default judgement is not a proper basis for collateral estoppel" citing 1 Restatement of Judgements (Second) S 27 at p. 257.

*The party asserting collateral estoppel bears the burden of showing with clarity and certainty* what was determined by the prior judgment, *Benton. Smith, 156 Ill. App.3d 847,853.* Here Defendants have not met their burden *.*

*Plaintiffs' Rico claims are not time barred.* The Seventh Circuit has recently warned that dismissing a complaint as untimely at the pleading stage is an unusual step. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671 (7th Cir.2009). However, even if the Court is set to resolve the issue of timeliness at the pleading stage, Defendants" argument must fail, as Plaintiff filed her federal suit in January, 2013 within four years of August 2010, when she sought damages for violation of 1640 of the TILA ,the usury statute on which her claim for collection of unlawful debt is based.

The four year statute of limitations for civil RICO claims does not begin to run until a plaintiff knows or should have known she was injured. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,*377 F3d 682, 688 (7th Cir. 2004): McCool, 972 F.2d at 1464: see also *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 186-87, 117 S. Ct 1984, 138 L.ED. 2d 373 ( 1997) rejecting " last predicate act " rule for determining accrual). *See Rotella v. Wood,* 528 U.S. 549, 554 n. 2, 555, 120 S.Ct.1075, 145 L.ED.2d 1047 (2000) re.

> The general rule is that as long as the complaint states a claim (as it does ere), it may not be dismissed on the basis of an affirmative defense, since the Federal Rules do not require a plaintiff to anticipate and plead around potential affirmative defenses. *See, e.g., Indep. Trust. Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 ( 7th Cir. 20

1. **Defendants HFC III, and Freedman Anselmo Lindberg, are debt collectors.**

    The complaint supports a finding that the above defendants violated 15 U.S.C. **S.** 1692 e (2)(A), 15 U.S.C. **S** 1692 e (8), 15 U.S.C. **S**1692 (10), and 15 U.S.C. 1692f(1), by falsely representing the legal status of the debt in letters sent to plaintiff in in each month in 2013 leading up to December, 2013 when the federal complaint was filed. The Defendants violated 15 U.S.C. **S**15 U.S.C. **S** 1692e and 15 U.S.C. **S** 1692f, during the same period referenced above, by using deceptive means to attempt to collect a debt, namely by falsely representing that plaintiff was obligated to pay the rescinded mortgage debt, when in fact the debt was extinguished by operation of the TILA rescission provisions on or about May Finally defendants violated 15 U.S.C **S** 1692e(2)(A), 15 U.S.C. **S** 1692e(8), 15 U.S.C. **S** 1692e(10), and 15 U.S.C. **S.**1692f(1), by falsely representing the amount of the debt in collection letters and requests for reimbursement of hazard insurance. As a result, , plaintiff properly pled that she was entitled to actual damages, statutory , costs and attorney's fees.

    In *Barbato v. Greystone Alliance LLC et al.,* 18 -1042, the Third Circuit Court of Appeals held that an entity whose business is the purchasing of defaulted debts for the purpose of collecting on them falls squarely within the "principal purpose" definition of the FDCPA, even where the entity does not collect the debt and a third party is retained to do so. *Barbato,* expanded the Supreme Court's holding in *Henson v. Santander Consumer USA,* 137 S. Ct. 1718 ( 2017) and rejected

the argument that Henson renders it a creditor rather than a debt collector because "its principal purpose is the acquisition- not the collection of the debt. *Barbato* held that where an entity meets the "principal purpose" definition, it cannot avoid the FDCPA's requirements by retaining a third party to collect the debt.

Plaintiff has not had the opportunity for discovery in this matter, however based on the assignments, the debt was allegedly in default when it was purchased if it was purchased in 2006 or 2011 as foreclosure cases were pending in both those years. *Barbato* broadens the definition of a " debt collector " to include entities like HFC III based solely on the fact that the entity acquired the debt in default. Freedman Anselmo Lindberg identifies itself as a debt collector.  Plaintiff alleged that  "foreclosure mill " and Freedman Anselmo Lindberg principal business is to acquire accounts in default for the purpose of collection of  . Further discovery may reveal that FAL is a licensed debt collection agency which was required to file its debt collection lawsuit under oath. If so FAL schemed with defendants Grady Pilgrim Christakis to abuse the foreclosure process by filing unverified foreclosure complaints, when the defendants were required to file verified pleadings.

The Fair Debt Collections Practices Act distinguishes between debt collectors, who are subject to the statutes' requirements, and creditors who are not" *Ruth v. Triumph Partnerships,* 577 F.3d at 796. " The Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not". *Schlosser,* 324 F3d at 536. Accordingly,

x9

" the purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself." *McKinney v. Cadleway Props., Inc.,* 548 F. 3d 496, 501 (7th Cir. 2008). Plaintiff alleged that HFC III purchased the allegedly defaulted debt in 2006 or 2011, depending on which ( if either ) of the affidavits attached to the assignments, is truthful. HFC III is thus considered a debt collector for purposes of the Act.

Plaintiff cites *Obdusky v. Wells Fargo,* 879 F.3d 1216, 1223 (2018), for the proposition that none of the defendants were debt collectors. The reliance on *Obdusky* is misplaced.  *Obudusky* held that the mere act of enforcing a security interest ( the mortgage) through a non-judicial foreclosure proceeding does not fall under the Act.  *Obudusky v. Wells Fargo* 879 F.3d 1216, 122 (2018). Plaintiffs' complaint alleges that none of the attorney defendants were in the process of enforcing the mortgage, because seventeen months before the foreclosure complaint was filed on about May 1, 2006, the security interest was cancelled by operation of the rescission provisions of the Illinois Interest Act.

2.  **Plaintiffs' Fair Debt Collection Act Claims Are Not Time Barred**

In Selena Jones v. U.S. National Bank , 2011 WL, 882758, at * 7, the court stated ." the court had declined to dismiss Plaintiff's claim under 15 U.S.C. **S** k (d) as time barred because " it was possible that Defendants could have engage in debt collection activities unconnected with the foreclosure after the 2008 judgment of foreclosure but before the 2010 sale of the property. Id at *8.  As

such, it was possible that Jones" complaint. which was originally filed on January 4, 2010, timely complained of a debt collection activity. Hear Defendants engaged in debt collections by sending letters and other noticed seeking to be reimbursed for advancement of taxes and insurance which it claimed to have been owed during the 12 month period leading to the filing of the foreclosure complaint.

I

**Plaintiff has Properly Pled All Necessary Elements of Her Claims**

In *Boyle v. United State,* 556 U.S938, 129 S. Ct. 2237, 173 L.E.2d 1265 ( 2009)., the Supreme Court clarified what is required to show an association-in-fact enterprise. The Court stated that " an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise. It does not require " a hierarchical structure " see August 1, 2014 ,Doc. 71, or ascertain which orders came from the top.

In this case, Plaintiff asserts that the defendants participated in a scheme to defraud her through the issuance of an unlawful and usurious loan and unlawful debt collection tactics ( collecting late fees on a loan which had been accelerated so that no monthly late fees came due in violation of RICO. See *Rizzo v. Pierce Associates, 351 F. 3d 791.*

According to Plaintiffs' complaint, the Defendants violated RICO, 18 U.S.C.**S** 1962 (c), which makes it a crime for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or " through collection of unlawful debt.". A sufficiently pled claim under **S** 1962(c) requires a plaintiff to establish the 10 elements which were pled in Plaintiffs complaint. *Robbins,* 551 U.S. 537, 563: *see also Rao v. B Prods. N. Am., Inc., 589 F.3d 389, 399 (7th Cir. 2009).* No pattern is required as one unlawful collection of debt satisfied the requirement

Defendant Kaplan argues that the statute of limitation for his alleged Rico violations is two years, however the courts provide that the statute is 4 years. Kaplan does not provide any authority in support of this argument.

On August 26, 2010 the state court entered denying Plaintiffs that the Defendants claims that the Defendant's violated HOEPA, the FDCPA, the prepayment penalty provisions of the Illinois Interest Act, RESPA, The Fair Housing Act, and other claims. The claims were denied upon presentment without a hearing , furthe the Order did not include any findings of fact which provided the grounds for the denying the claims. The order simply stated that the claims were denied. Plaintiff was denied a fair hearing on these claims and Illinois provides that this court is not precluded from hearing the claims. See *Jones v. City of Alton ,*757 F. 2d 878 ( 7th Circuit. 1985).

Essentially *Jesinoski v. Countrywide Homes ,* 574 U.S. ----( 2015) overturned this court's decision of August 1, 2014  decision as to when a loan is rescinded, whether tender is required before the loan can be cancelled, Lower courts are bound by  Supreme Court precedent.

**CONCLUSION**

In view of the foregoing, Defendants' motions to dismiss should be denied.

Dated this 29th day of October, 2019.